HOROWITZ et al. v. UNITED STATES. *

(Circuit Court of Appeals, Second Circuit. December 19, 1919.)

No. 23.

1. CRIMINAL LAW ⬤➳1149—DISCRETION TO GRANT BILL OF PARTICULARS.
   Denial of a motion for bill of particulars by defendants in a criminal case is a matter of discretion, and not reviewable, except in case of plain abuse of discretion.

2. INDICTMENT AND INFORMATION ⬤➳127—COUNTS FOR USING AND SELLING GOVERNMENT PROPERTY WHICH MAY BE JOINED.
   Counts, each charging defendants with applying to their own use and selling, at the same place and about the same time, cloth, the property of the United States, furnished under the same contract to be used in making clothing for soldiers of the army, in violation of Criminal Code, § 36 (Comp. St. § 10200), held properly joined under Rev. St. § 1024 (Comp. St. § 1690).

3. ARMY AND NAVY ⬤➳40—UNLAWFUL SELLING OF CLOTH FURNISHED FOR ARMY CLOTHING CRIMINAL OFFENSE.
   The unlawful selling of cloth, furnished by the United States to be made into clothing for use of the army, held an offense within Criminal Code, § 36 (Comp. St. § 10200).

4. ARMY AND NAVY ⬤➳40—INDICTMENT FOR SELLING PROPERTY FURNISHED FOR ARMY USE SUFFICIENT.
   In an indictment under Criminal Code, § 36 (Comp. St. § 10200), for unlawfully selling property of the United States furnished for use of the army, it is not necessary to state how the property came into possession of defendants.

5. CRIMINAL LAW ⬤➳730(14)—ARGUMENT OF COUNSEL NOT PREJUDICIAL ERROR.
   In prosecution for selling property of United States furnished for the army, remarks made to the jury by counsel for the prosecution concerning existence of war and the need of clothing, taken in connection with those of the judge, when objection was made, held not to constitute prejudicial error.

In Error to the District Court of the United States for the Southern District of New York.

Criminal prosecution by the United States against Hyman Horowitz and Benjamin Horowitz. Judgment of conviction, and defendants bring error. Affirmed.

Fitzgerald, Stapleton & Mahon, of New York City (E. N. Zoline and L. D. Stapleton, both of New York City, of counsel), for plaintiffs in error.

Francis G. Caffey, U. S. Atty., of New York City (F. M. Roosa, of New York City, of counsel), for the United States.

Before WARD, ROGERS, and MANTON, Circuit Judges.

WARD, Circuit Judge. This is a writ of error to a judgment of conviction of Hyman Horowitz and Benjamin, his son, upon an indictment under section 36, U. S. Criminal Code (Comp. St. § 10200), which reads:

"Whoever shall steal, embezzle, or knowingly apply to his own use, or unlawfully sell, convey, or dispose of, any ordnance, arms, ammunition, clothing, subsistence, stores, money, or other property of the United States furnished or to be used for the military or naval service shall be punished as prescribed in the preceding section."

The indictment contains six counts, in each of which both defendants are charged with willfully, feloniously, and knowingly, applying to their own use, and knowingly, feloniously, and unlawfully selling certain pieces of woolen cloth in the first five counts, and 10 bales of cotton drilling in the sixth count, all being property of the United States intended to be used for the military service, on six separate occasions between November 8 and December 11, 1917. Counts 2, 3, 4, and 5 were dismissed during the trial against Hyman Horowitz, and 3 and 5 as against Benjamin Horowitz; both being convicted on the first and sixth counts, and the jury disagreeing as to Benjamin Horowitz on counts 2 and 4.

October 22, 1917, the corporation of Horowitz & Marcowitz, of which Hyman Horowitz was vice president and Benjamin Horowitz was an employé, entered into a contract with the Quartermaster's Corps of the United States Army for the manufacture of 150,000 pairs of woolen breeches. The woolen cloth and cotton drilling were to be furnished by the United States, and were to remain, including rags and clippings, the property of the United States. The verdict of the jury conclusively settles the·fact that the defendants did commit the offenses charged.

[1] The defendants moved for a bill of particulars, which motion was denied. This was a matter of discretion, not to be reviewed, except in case of plain abuse of discretion, of which we discover no evidence. The defendants were not surprised or misled, or in any way prejudiced, by want of this information. Indeed, what was asked for amounted to a complete discovery of the whole of the government's case.

[2] The joinder of these separate offenses and the trial of the defendants together was entirely proper within section 1024, U. S. Rev. Stat. (Comp. St. § 1690), which reads:

"When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if

262 F.—4

two or more indictments are found in such cases, the court may order them to be consolidated."

The several charges were connected together and were of the same class of offenses. The same persons were charged in each count with acts connected together, viz. applying to their own use, etc., property of the same person which was to be used in the same contract at the same place and about the same time and they were charged with exactly the same offense in each count. McElroy v. United States, 164 U. S. 76, 17 Sup. Ct. 31, 41 L. Ed. 355, on which the defendants rely, was quite different. In it four separate indictments were consolidated, which charged different classes of crime, viz. two for assault with intent to kill and two for arson. Five of the defendants were indicted in three of the indictments, and only three of them in the fourth. The instant case is more like Pointer v. United States, 151 U. S. 396, 14 Sup. Ct. 410, 38 L. Ed. 208.

[3] It is argued that section 36 applies only to cloth, and not to clothing. It is said that cloth has been held by the Supreme Court to be a different thing from clothing. Arnold v. United States, 147 U. S. 494, 13 Sup. Ct. 406, 37 L. Ed. 253. The construction of every statute depends upon its own language and intent. Arnold v. United States was a revenue case, and a decision that cloth and clothing are different things in respect to custom duties does not prove that cloth is not included as a similar thing to "clothing" under a criminal statute. We think the general words with which the classes enumerated in this section end, "all other property of the United States furnished or to be used for the military or naval service," make it clear that cloth is covered as property similar to clothing. Indeed, having in mind the mischief to be corrected, it is inconceivable that Congress intended to protect clothing, and leave such property as cloth, intended for use in making it for the military or naval service, unprotected.

[4] It is further argued that the motion in arrest of judgment should have been granted, because the indictment did not state how the property came into the possession of the defendants. This might be so, if the government were charging the crime of embezzlement, although such an objection at the end of the trial, without any previous demurrer or motion to quash, might well be held too late. Moreover, there being no reason to think that the defendants were surprised, misled, or prejudiced in any way, the indictment must be held sufficient under U. S. Rev. Stat. § 1025 (Comp. St. § 1691), which reads:

"No indictment found or presented by a grand jury in any District or Circuit or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant."

The offense charged was, in the words of the statute, that the "defendants had knowingly," etc., "applied to their own use" and sold the property in question. The statute does not restrict the offense to acts of servants, agents, or bailees, who, coming rightfully into possession of property, subsequently misappropriate it. Any one who does the things specified in the act commits the offense and is liable to punishment. The first word of the section is "whoever."

There is nothing in the objection that the court struck out the first count, and therefore the defendants should not have been convicted under it. In a colloquy with counsel, Judge Learned Hand did say, no doubt inadvertently, that the first count was stricken out; but before the colloquy ended he stated that the first count remained as against both Hyman Horowitz and Benjamin Horowitz. It is also complained that he did not state with sufficient clearness to the jury in his charge what counts remained for their consideration, and upon which of them the defendants could be convicted. The best evidence that the jury comprehended the situation clearly is that their verdict was against Hyman Horowitz on two counts, 1 and 6, and against Benjamin Horowitz only on two, 1 and 6, disagreeing as to 2 and 4.

[5] One reading the quotations from the United States attorney's summing up to the jury, of which the plaintiffs in error complain, separately, might infer that the jury must or at least may have been improperly inflamed; but taken with the whole address, and especially with the judge's remarks on the two occasions when the defendants' counsel objected at the time, we are quite clear that they could not have been:

"It is a crime which it seems to me demands your utmost consideration in this hour. It is a crime which—well, I cannot get a word bad enough to describe it, gentlemen, at this time when the boys need clothing, when they need this cloth for clothing, when men are giving their blood, and when all you men are giving your money—

"Mr. O'Gorman: If your honor please, on behalf of the defendant Hyman Horowitz, I object to the remarks of the prosecutor, which are calculated to divert the attention of the jurors from the issue before them. It is an attempt to inflame and prejudice the jury, and is objectionable, if not reprehensible.

"The Court: I think he only meant to impress them with the seriousness of the conditions before them, just as you were talking about the seriousness of it to the defendants.

"Mr. Roosa: Yes, your honor.

"Mr. O'Gorman: But he is diverting the attention of the jury from the thing which is before them. I take exception to your honor's refusal.

"The Court: You have not asked me to do anything for you yet.

"Mr. O'Gorman: To instruct the jury to disregard his reference, that is, the reference of the prosecutor which he has just made, and to admonish the prosecutor not to repeat them. The defendants are entitled to a fair, impartial trial of this case on the issues framed by the pleadings.

"The Court: Absolutely. * * *

"You know that every great war is attended with its profiteers, and its thieves, and you know how difficult it is—

"Mr. O'Gorman: If your honor please, I regret I must again object to this summation of counsel; counsel is obviously and intentionally diverting the attention of the jury from the issues in this case. This is clearly an attempt to inflame and influence and prejudice the jury, and to appeal to their sympathies.

"The Court: No, I don't think so; if he confines himself to the questions that are at issue here.

"Mr. O'Gorman: I ask an exception, if your honor please, on behalf of both defendants.

"The Court: Confine yourself to the issues, but you may state that they are important issues to both sides; I will allow that, as I allowed the defendants to state that it was important to them. I don't think you ought to refer to the instance of the war."

The judgment is affirmed.