## RENFRO v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 27, 1926.)

No. 7365.

1. Intoxicating liquors ⌖223(4)—Proof that place of offense was Indian country held unnecessary in prosecution for possessing liquor in former Indian Territory (Comp. St. § 4137aa).

Under an indictment for possession of liquor in what had been a part of Indian Territory, in violation of Act June 30, 1919, § 1 (Comp. St. § 4137aa), it was unnecessary to prove that the place of offense was also Indian country.

2. Criminal Law ⌖369(2)—Admission of testimony incidentally and unintentionally showing another offense held not error.

That testimony incidentally and unintentionally shows commission of another offense by defendant does not render its admission error.

In Error to the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

Criminal prosecution by the United States against Jim Renfro. Judgment of conviction, and defendant brings error. Affirmed.

John T. Harley, of Tulsa, Okl. (Thomas I. Munroe, of Tulsa, Okl., on the brief), for plaintiff in error.

W. L. Coffey, Asst. U. S. Atty., of Tulsa, Okl.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

VAN VALKENBURGH, Circuit Judge. Plaintiff in error was indicted in the District Court of the United States for the Northern District of Oklahoma, charged with having in his possession, on or about the 14th day of June, 1925, certain intoxicating liquor, to wit, one gallon of whisky in Tulsa county, Okl., within the limits of the Indian Territory, and a part thereof prior to the admission of the state of Oklahoma into the Union, "being then and there a place where the introduction of spirituous and intoxicating liquor is and was prohibited by the federal statutes."

The prosecution was brought under the Act of Congress of June 30, 1919 (41 Stat. 4 [Comp. St. § 4137aa]). So much of that statute as is pertinent to the matter under discussion follows:

"On and after July 1, 1919, possession by a person of intoxicating liquors in the Indian country or where the introduction is or was prohibited by treaty or federal statute shall be an offense and punished in accordance with the provisions of the Acts of July 23, 1892 (twenty-seven Statutes at Large, p. 260), and January 30, 1897 (twenty-nine Statutes at Large, p. 506)."

The federal statute prohibiting the introduction of intoxicating liquor into Indian territory is section 8 of the Act of March 1, 1895 (28 Stat. 693 [Comp. St. § 4136b]), which provides:

"That any person, whether an Indian or otherwise, who shall, in said territory, manufacture, sell, give away, or in any manner, or by any means furnish to any one, either for himself or another, any vinous, malt, or fermented liquors, or any other intoxicating drinks of any kind whatsoever, whether medicated or not, or who shall carry, or in any manner have carried, into said territory any such liquors or drinks, or who shall be interested in such manufacture, sale, giving away, furnishing to any one, or carrying into said territory any of such liquors or drinks, shall, upon conviction thereof, be punished by fine not exceeding five hundred dollars and by imprisonment for not less than one month nor more than five years."

Defendant entered a plea of not guilty, was tried, convicted and sentenced in conformity with the provisions of the Act of June 30, 1919.

[1] The indictment, in addition to the charge hereinabove set out, incidentally stated that the locus in quo was Indian country. No proof was offered upon this point, and it is urged by plaintiff in error that the evidence, therefore, failed to sustain the offense charged. The indictment did, however, charge a complete case of unlawful possession in that part of the state of Oklahoma which had formerly been known as Indian Territory; in support of that charge it was unnecessary to prove that it was likewise Indian country. It is conceded in the brief of counsel that if the offense charged is unlawful possession in former Indian Territory "we could not complain against the insufficiency of the evidence upon that ground." The indictment was not assailed by demurrer, motion in arrest, assignment of error, or otherwise.

The contention is made that the evidence failed to show that the liquor possessed was whisky. The witness for the government, Lavendusky, described the contents of the jug as whisky and testified that the plaintiff in error called it whisky. No objection was made, nor was any challenge interposed to that phase of the testimony. We think the character of the liquor was sufficiently established.

It is next urged that the Act of Congress of June 30, 1919, is unconstitutional and void as invading the jurisdiction of the state of Oklahoma. This contention is completely answered by the opinion of this court, at this term, in Lucas v. United States (C. C. A.) 15 F.(2d) 32. It is unnecessary to add to the discussion to be found in the opinion in that case. See, also, United States Express Co. v. Friedman, 191 F. 673, 112 C. C. A. 219; Edwards v. United States (C. C. A. 8) 5 F.(2d) 17.

[2] Assailing the conduct of the trial, plaintiff in error charged that the court erred in admitting evidence of another offense not covered by the allegations of the indictment. This charge is founded upon certain questions and answers in the course of examination of government witness Lavendusky:

"Q. Did you see him [the defendant] on the 14th day of June, 1925? A. I did.

"Q. Do you know, Walter, what day of the week that was? A. On Sunday.

"Q. Tell the court and jury where you saw him. A. I was down at his house where he lived at Verne station.

"Q. Did you see any whisky? A. I did.

"Q. Where was it? A. I seen him deliver some whisky, and also he had a gallon of whisky in a big traveling trunk; one of these steamer trunks, I think they call it.

"Q. To whom did he deliver the whisky? A. Mrs. Hall."

Then follows testimony respecting the transportation and burial of the gallon of whisky. The reference to Mrs. Hall came incidentally and unexpectedly. The district attorney evidently had neither thought nor purpose of eliciting facts concerning any transaction except in support of the unlawful possession charged. However, each transaction mentioned occurred on the 14th day of June, the date alleged in the indictment, and was competent to sustain that allegation. This assignment is without merit.

Error is assigned to certain remarks of the court in the course of its charge. We find no merit in the contention, but, in any event, no exception was taken, and therefore nothing preserved for review.

Finding no reversible error in the record the judgment is accordingly affirmed.