## BILLINGSLEY et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. December 1, 1926.)

No. 7363.

1. **Indictment and information** ⊗⟺121(1)—Ruling on application for bill of particulars is in trial court's sound discretion.

Allowance or refusal of defendants' application for bill of particulars rests in sound discretion of trial court.

2. **Indictment and information** ⊗⟺121(2)—Denial of bill of particulars held not abuse of discretion, where indictment sufficiently apprised defendants of charges to enable them to defend.

Trial court did not abuse its discretion in denying defendants' motion for bill of particulars as to counts of indictment which sufficiently apprised defendants of charges to enable them to prepare their defense and sufficiently identified offenses charged to make judgment a bar to subsequent prosecution for same offenses.

3. **Indictment and information** ⊗⟺121(2)—Denial of motion for bill of particulars held prejudicial error, where indictment did not state date and place (Comp. St. § 4137aa).

Where count in indictment charging unlawful possession of liquor in former Indian country, in violation of Act June 30, 1919, § 1 (Comp. St. § 4137aa), not stating specific date and place, though sufficient as against general demurrer, was insufficient to enable them to prepare defense, *held*, that denial of motion for bill of particulars was prejudicial error.

4. **Indians** ⊗⟺35—Act prohibiting possession of liquor in former Indian country held valid (Comp. St. § 4137aa).

Act June 30, 1919, § 1 (Comp. St. § 4137aa), prohibiting possession of liquor in territory which before admission of Oklahoma into Union was Indian territory, *held* constitutional.

5. **Arrest** ⊗⟺63(4)—Criminal law ⊗⟺394—Officers making arrest held to have probable cause to believe felony was being committed, and evidence admissible, though search warrant void (Act June 30, 1919, § 1 [Comp. St. § 4137aa]; National Prohibition Act, § 25 [Comp. St. § 10138½m]; Penal Code, § 37 [Comp. St. § 10201]).

Where deputy sheriff had personal knowledge that whisky was feloniously sold in saloon, and officers' making raid found doors barred and observed strong odor of whisky, *held*, that they had probable cause to believe felony was being committed on premises, under Act June 30, 1919, § 1 (Comp. St. § 4137aa), National Prohibition Act, § 25 (Comp. St. § 10138½m), and Penal Code, § 37 (Comp. St. § 10201), and had right to enter, arrest defendants, and note evidences of crime, and such evidence was admissible, even if search warrant was void.

6. **Conspiracy** ⊗⟺47—Evidence held to warrant conviction for conspiracy to possess and sell liquor in former Indian country (Penal Code, § 37 [Comp. St. § 10201]; Act June 30, 1919, § 1 [Comp. St. § 4137aa]; National Prohibition Act, § 25 [Comp. St. § 10138½m).

In prosecution for conspiracy to possess and sell intoxicating liquor in former Indian

country, in violation of Penal Code, § 37 (Comp. St. § 10201), Act June 30, 1919, § 1 (Comp. St. § 4137aa), and National Prohibition Act, § 25 (Comp. St. § 10138½m), evidence *held* sufficient to warrant conviction as to both defendants.

Booth, Circuit Judge, dissenting in part.

In Error to the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

Frank Billingsley and another were convicted of conspiring to unlawfully possess and sell intoxicating liquor in former Indian country, and they bring error. Affirmed as to first and third counts of indictment, and reversed and new trial granted as to second count.

John T. Harley, of Tulsa, Okl. (Rollie C. Clark, of Vinita, Okl., on the brief), for plaintiffs in error.

John M. Goldesberry, U. S. Atty., of Tulsa, Okl. (W. L. Coffey, Asst. U. S. Atty., of Tulsa, Okl., on the brief), for the United States.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. An indictment containing three counts was returned in the Northern district of Oklahoma against Frank Billingsley and Charles Harris (hereinafter called defendants). The first count was based upon section 37 of the Penal Code (Comp. St. § 10201). It charged that the defendants, on or about the 8th day of July, 1925, conspired and agreed to commit an offense against the United States, to wit, to have possession of and sell intoxicating liquor, to wit, whisky, in the county of Nowata, state of Oklahoma, which was a part of Indian Territory prior to the admission of Oklahoma into the Union, and a place where the introduction of intoxicating liquor is and was prohibited by federal statutes. As the first overt act, it charged that the defendants, on or about July 8, 1925, in Nowata county, state of Oklahoma, had in their possession intoxicating liquor, to wit, one pint of whisky. As the second overt act, it charged that at the same time and place the defendants sold one pint of whisky to Francis McCoy.

The second count of the indictment was based on the Act of June 30, 1919, Comp. St. § 4137aa. It charged that the defendants, on the 8th day of July, 1925, had in their possession one pint of whisky in the county of Nowata, state of Oklahoma, and that the place in said county of Nowata, state of Oklahoma, where such liquor was possessed, was within the limits of Indian Territory prior to the admission of the state of Oklahoma into the Union, and a place where the introduction of intoxicating liquor is and was prohibited by federal statutes.

The third count charged the sale of a pint of whisky to Francis McCoy on the 8th day of July, 1925, in Nowata county, Oklahoma, contrary to the provisions of the National Prohibition Act (Comp. St. § 10138½m).

The defendants were found guilty and sentenced upon all three counts, and this is a writ of error to review the judgments of conviction.

[1, 2] The defendants filed a motion for a bill of particulars. The court denied the motion and its action is assigned as error. The allowance or refusal of an application for a bill of particulars rests in the sound discretion of the trial court. Rosen v. U. S., 161 U. S. 29, 35, 16 S. Ct. 434, 480, 40 L. Ed. 606; Kettenbach v. U. S. (C. C. A. 9) 202 F. 377, 382; U. S. v. Pierce (D. C.) 245 F. 888, 890; Horowitz v. U. S. (C. C. A. 2) 262 F. 48. The allegations of counts 1 and 3 were sufficiently certain to fully apprise the defendants of the charges against them and to enable them to prepare their defenses. Each count identified the offense sought to be charged therein with such certainty that a judgment thereon could be pleaded as a bar to a subsequent prosecution for the same offense. We cannot say that the trial court abused its discretion in denying the motion as to counts 1 and 3.

[3] By their motion for a bill of particulars, the defendants sought to have the government advise them the specific date and place when and where it charged them in the second count with having had possession of whisky unlawfully. While this count alleged in substantially the language of the statute all the essential elements of the offense sought to be charged, and was good against general demurrer (Rupert v. U. S. [C. C. A. 8] 181 F. 87, 90; Morris v. U. S. [C. C. A. 8] 161 F. 672, 681; Hardesty v. U. S. [C. C. A. 6] 168 F. 25, 28, 29; Jelke v. U. S. [C. C. A. 7] 255 F. 264, 274, 275; Newton Tea & Spice Co. v. U. S. [C. C. A. 6] 288 F. 475, 478; Rudner v. U. S. [C. C. A. 6] 281 F. 516, 518; Ledbetter v. U. S., 170 U. S. 606, 18 S. Ct. 774, 42 L. Ed. 1162), the allegations thereof were not sufficiently certain to apprise defendants fully of what they would be called upon to meet at the trial and to enable them to prepare their defense. A motion for a bill of particulars was therefore an appropriate remedy to secure a more

specific statement of the facts. Morris v. U. S., supra; Rinker v. U. S. (C. C. A. 8) 151 F. 755; Williams v. U. S. (C. C. A. 6) 3 F. (2d) 933; Rudner v. U. S., supra; Newton Tea & Spice Co. v. U. S., supra; State v. Davis, 39 R. I. 276, 97 A. 818, Ann. Cas. 1918C, 563; 31 C. J. p. 750, § 308.

In Rinker v. U. S., supra, this court said: "When an indictment sets forth the facts constituting the essential elements of the offense with such certainty that it cannot be pronounced ill upon motion to quash or demurrer, and yet is couched in such language that the accused is liable to be surprised by the production of evidence for which he is unprepared, he should, in advance of the trial, apply for a bill of the particulars; otherwise, it may properly be assumed as against him that he is fully informed of the precise case which he must meet upon the trial."

It is therefore our conclusion that the trial court in refusing the motion for a bill of particulars as to count 2 abused its discretion and committed prejudicial error.

[4] Counsel for the defendants contend that the Act of June 30, 1919 (Comp. St. § 4137aa) is unconstitutional. This court, in Lucas v. U. S., 15 F.(2d) 32 (opinion filed October 4, 1926), and in Renfro v. U. S., 15 F.(2d) 991 (opinion filed October 27, 1926), sustained the constitutionality of this act. We adhere to our former decisions.

[5] The evidence in behalf of the government showed these facts: The defendants were operating a saloon in a basement under a drug store at South Coffeyville, Nowata county, state of Oklahoma. There were two entrances to this saloon, one through a stairway from the drug store over the saloon, and one through an outside stairway at the rear of the basement. Francis McCoy, who was a deputy sheriff of Osage county, Oklahoma, visited the saloon two times on the afternoon of July 8, 1925. He was accompanied by an Indian boy. McCoy purchased three drinks of whisky from the defendant Harris. One was served to the Indian boy, one to McCoy, and one to Gus Hill. McCoy paid therefor 50 cents a drink. McCoy and the Indian boy returned to the place later in the afternoon, and McCoy purchased a pint of whisky from Harris, paying him therefor $3. McCoy testified that during the time he remained in the saloon, a period of about 30 minutes, people continuously came in and purchased and drank whisky.

On the 8th day of August, 1925, T. A. Hubbard and W. A. Crowe, special officers of the Indian Service, and John Martin, Charlie Triplett, Jim Pyle, and McCoy, county officers, went to South Coffeyville, for the purpose of raiding this saloon. Part of the officers went down through the drug store entrance, and the others through the rear entrance. When the officers approached the entrances, they were able to detect the smell of whisky coming from the basement room. The rear door was locked. They forced the door and entered the room. Upon entering, they observed a strong odor of whisky in the room, and saw several empty pitchers, which smelled like they had contained whisky.

Counsel for defendants contended that the evidence of what the officers saw and heard when they raided the place was inadmissible, because the search warrant which the officers had was void. They duly raised this question by motion to suppress prior to the trial.

Assuming the search warrant was void, it does not necessarily follow that the evidence of what the officers saw and heard when they entered the place was inadmissible. McCoy had visited this saloon just one month prior to the day of the raid. He knew that the defendants were operating a saloon and selling whisky to a great many persons. The defendants were committing offenses which were felonies. When the officers approached the saloon, which was a public place, Billingsley undertook to bar the door, and the officers observed a strong odor of whisky coming from the room. They had probable cause to believe that a felony was being committed, and under the circumstances had the right to enter the room, arrest the defendants, and note any evidences of the crime there present. Garske v. U. S. (C. C. A. 8) 1 F.(2d) 620; People v. Hutchinson (C. C. A. 8) 9 F.(2d) 275; Peru v. U. S. (C. C. A. 8) 4 F.(2d) 881, 882; Green v. U. S. (C. C. A. 8) 289 F. 236. The evidence was admissible, and the motion to suppress was properly overruled.

[6] The final contention of counsel for the defendants is that the evidence was insufficient to connect Billingsley with the crime. When McCoy and the Indian boy entered the place on July 8th, Billingsley was stationed as an outlook; at least, his actions warranted that inference. When the officers raided the place on August 8th, Billingsley was again stationed as an outlook, and when the officers approached he undertook to prevent their entry. After the defendants were arrested, Billingsley stated to Hubbard that he did not own the place, but was working there. The evidence clearly established that the place

was being operated as a saloon; that it was frequented by many people; that intoxicating liquor was openly sold and served over an ordinary saloon bar. We think the evidence conclusively established beyond a reasonable doubt that the defendants conspired and agreed together to possess and sell intoxicating liquor, contrary to the provisions of the Act of June 30, 1919 (Comp. St. § 4137aa), and fully warranted the judgment of conviction as against both defendants.

The judgments upon the first and third counts are affirmed. The judgment upon the second count is reversed, and defendants are granted a new trial upon that count.

BOOTH, Circuit Judge (concurring in part). I concur in the conclusion that the judgment should be affirmed as to the first and third counts. I dissent from the conclusion as to the second count.

The question whether that count was demurrable is not before the court for disposition, inasmuch as no demurrer was interposed. The motion for a bill of particulars was, in my judgment, addressed to the discretion of the court, and its decision is not subject to review. Consequently I think the judgment on the second count should be affirmed.

My views as to the proper function of a bill of particulars are set forth in a dissenting opinion in Myers v. United States (C. C. A.) 15 F.(2d) 977, filed October 15, 1926.