## UNITED STATES v. WIGGINS et al.

District Court, D. Minnesota, Third Division. November 25, 1927.

1. Arrest ⬩63(4), 71—Mere suspicion does not justify arrest for misdemeanor and search without warrant.

Mere suspicion is not enough to justify arrest without a warrant for a misdemeanor, and search by force of the person so arrested.

2. Arrest ⬩63(4), 71—Prohibition agent had right to arrest defendants in automobile and make search and seizure without warrant, if he had probable cause to believe they committed crime.

If prohibition agent, who without a warrant arrested defendants in automobile, which drove into farm where agent had discovered a large still, had probable cause for believing defendants were guilty of a felony or misdemeanor, he had the right to make the arrest and to search defendants and the automobile, and seize liquor found.

3. Arrest ⬩63(4), 71—Prohibition agent held to have probable cause to believe that occupants of automobile were violating liquor laws, authorizing arrest, search, and seizure without warrant.

Where prohibition agent found no one on farm on which he discovered a large still, and knew that farm buildings were being used for substantially no other purpose than manufacturing intoxicating liquor, and that certain kind of automobile had been seen coming to and leaving farm, he had probable cause to believe that automobile, which defendants drove up to farmhouse while he was there, and which answered description given him, contained those who were either transporting liquor or engaged in operating a distillery, justifying arrest

of defendants, and search and seizure without warrant.

Criminal proceeding by the United States against Louis B. Wiggins and others. On defendants' motions to suppress evidence obtained by prohibition agents at the time of the arrest of certain defendants. Motions denied.

Lewis L. Drill, of St. Paul, Minn., for the motions.

Lafayette French, Jr., U. S. Atty., of St. Paul, Minn., and William A. Anderson, Asst. U. S. Atty., of Minneapolis, Minn.

JOHN B. SANBORN, District Judge. The prohibition agents had discovered a large still on a farm near Rosemount, Minn. The farm was being used for no other purpose; the owner having leased it to somebody whom he says he does not know. The agent who made the arrest had information that a Buick car of a faded blue color had been seen coming to and leaving the farm. At the time he arrived at the farm, there was no one there. He saw a Buick car answering this description approaching the place, and arrested the occupants, three of the defendants above named. They were subsequently searched, papers were taken from their persons, the car was searched, and a bottle of intoxicating liquor was found in it. Both the car and the papers were taken by the government.

[1, 2] The question is whether the arresting officer had the right to make the arrest. If he did, the search and seizure was lawful; if he did not, it was unlawful. The cases of Garske v. United States (C. C. A.) 1 F.(2d) 620, Colorado v. Hutchinson (C. C. A.) 9 F.(2d) 275, and Billingsley v. United States (C. C. A.) 16 F.(2d) 754, state the rule with reference to the making of an arrest by an officer without a warrant. Mere suspicion is not enough to justify arrest without a warrant for a misdemeanor, and search by force of a person so arrested. In this case, if the prohibition agent who made the arrest had probable cause for believing that the defendants in question were guilty of a felony or misdemeanor, he had the right to make the arrest and the search and seizure. Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790.

[3] This agent knew, at the time he made the arrest, that the barn on the farm contained a large still, and that the buildings on the farm were being used for substantially no other purpose than manufacturing intoxicating liquor. The men who possessed and maintained this still were guilty of a felony. Those who might be transporting supplies to and hauling the product away from the still were guilty of either a misdemeanor or a felony. It would seem reasonable to assume that no one would come upon those premises, except some one who had to do with the still or the operations of the distillery. The agent's attention had been directed to a certain kind of automobile which was making trips to and from the farm. If the defendants had been upon the farm, and a strange automobile, with strange men in it, had been seen turning into the driveway, there is no doubt but that they would have had reasonable grounds to believe, and would have believed, that it contained prohibition agents. It seems reasonable that the prohibition agent should have believed, under the circumstances, that the car which drove up to the house, while he was there, contained those who were either transporting liquor or engaged in operating a distillery.

This car was not stopped upon the public highway. It was stopped upon premises being used for an illegal purpose. In addition to the facts and circumstances already outlined, it might be said that the appearance of the defendants themselves was sufficient to indicate that they were not there for any purpose connected with agriculture.

The motions are denied.