## FISHER v. UNITED STATES.
### No. 3094.

Circuit Court of Appeals, Fourth Circuit.
Jan. 21, 1931.

J. Raymond Gordon, of Charleston, W. Va., for appellant.

James Damron, U. S. Atty., of Huntington, W. Va. (Philip Angel, Asst. U. S. Atty., of Huntington, W. Va., on the brief), for the United States.

Before PARKER and NORTHCOTT, Circuit Judges, and WATKINS, District Judge.

PER CURIAM.

Alpha Fisher, appellant herein, was indicted upon two counts for violation of section 3296, Revised Statutes (26 USCA § 404). Upon call of the case he demurred to the indictment and moved to quash same, which motion was overruled; whereupon he was tried and convicted before a jury on both counts. He appealed, assigning error because of the refusal to quash the indictment and for failure to exclude the testimony of the government's witnesses and subsequently for failure to set aside the verdict on the ground that the evidence was obtained through an illegal search and seizure.

The challenge to the sufficiency of the indictment, being without merit, was not argued before this court; counsel relying wholly on the claim of the illegality of the search, and stating in his brief, "If the search was legal, the defendant has no standing in this high court."

The uncontradicted evidence is to the effect that the officers had information that a certain Ford coupé, identified by its license number, was being used for the unlawful transportation of whisky, that Fisher had previously been twice convicted for violation of the liquor laws, and that the officers on the night in question were on the lookout for this car. They found it parked alongside a public road just outside the city of Charleston, W. Va., between 8 and 10 o'clock at night. It was standing in front of a little green house situated about 15 feet from the road, and between the house and the road.

The officers concealed themselves near the car and in a short while Fisher was seen to come out of the house with a large package which he placed in the rear of the car. At this hour it was dark, but lights were shining from the house, enabling the officers to see Fisher and the package, which he was carrying, a five-gallon can with a wooden cover, which upon examination proved to be full of moonshine whisky. Immediately after the can was placed in the car, the officers rushed out, seized and arrested Fisher, who struggled back into the front door of the house, at which time the officers saw right at the front door another five-gallon can likewise containing moonshine whisky. During the course of the trial the defendant testified in his own behalf and furnished additional testimony to the effect that, after his arrest and the discovery of the whisky above mentioned, the officers searched the house and found a considerable additional quantity of whisky, all of which Fisher claimed to be his own. This evidence was voluntarily produced by the defendant himself, and he cannot now be heard to complain of its admission, especially in view of the fact that he was under arrest for a felony before the search was made and further in view of the fact that the evidence as to the first two five-gallon cans of whisky discovered, if properly received, was sufficient to sustain the conviction. Of this there can be no doubt. The facts and circumstances before the officers were such as to warrant men of prudence and caution in believing that the offense had been committed, and they were justified in the search and seizure. Carroll v. U. S., 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Milam v. U. S. (C. C. A.) 296 F. 629; Ash v. U. S. (C. C. A.) 299 F. 277; Benton v. U. S. (C. C. A.) 28 F.(2d) 695.

Affirmed.