## MULROONEY et al. v. UNITED STATES.

### No. 3121.

Circuit Court of Appeals, Fourth Circuit.

Jan. 24, 1931.

Helen Elizabeth Brown and R. Palmer Ingram, both of Baltimore, Md., for appellants.

William C. Baxter, Asst. U. S. Atty., of Baltimore, Md.

Before PARKER and NORTHCOTT, Circuit Judges, and WATKINS, District Judge.

PER CURIAM.

Federal prohibition agents having received complaints that the prohibition law was being violated at 401 East Federal Street, in the city of Baltimore, Md., one of the agents having on a previous occasion found a barroom located on the premises in the building, used in part for business and in part for residential purposes, in June, 1930, went to the building in question. On arriving at the premises, the agents at once detected the odor of mash. On finding the door entering into the barroom locked, one of the agents looked through an open transom over the door and saw the barroom with appellant Davis inside. On being denied admittance, one of the agents crawled through the transom, opened the door, and admitted the other agents. At this point, defendant Mulrooney entered the room, and, on being asked where the "plant" was, answered that it was upstairs. Davis was placed under arrest, and Mulrooney, without protest, accompanied one of the agents upstairs, where they found two rooms, one a bedroom and the other a room where was found a thirty-gallon crock containing mash, forty-one cases of home brew, a capping machine, and a siphoning hose. After the entrance of the officers, Mulrooney, who claimed to be the proprietor

of the establishment, made no objection to the search of the officers. The bar was afterward searched, and a quantity of whisky and home brew was found. Appellants were indicted, and, upon trial were found guilty by the jury. Upon the verdict they were each sentenced to imprisonment in jail for three months by the court below, from which action this appeal was taken.

It is contended on behalf of appellants that the search and seizure was in violation of the Fourth and Fifth Amendments to the Constitution of the United States, and that the evidence obtained and the information gained, as a result of such search and seizure, were improperly admitted by the trial court as evidence against appellants. With this contention we cannot agree. This court held, in De Pater v. United States, 34 F. (2d) 275, 276, that "it is too well determined to require argument that knowledge of a crime may be acquired through the sense of smell alone." To the knowledge that a crime was being committed, acquired by the sense of smell, was added the knowledge acquired by the sense of sight, when the agent looked through the open transom. The knowledge thus acquired was confirmed after entry of the agents and before any search by the admission of Mulrooney. No objection was made by Mulrooney to the search of that part of the premises used as a dwelling. The facts and circumstances before the officers were such as to warrant men of prudence and caution in believing that the offense had been committed, and they were justified in their actions. Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Milam v. United States (C. C. A.) 296 F. 629; Benton v. United States (C. C. A.) 28 F. (2d) 695; Fisher v. United States, 46 F. (2d) 994, decided by this court, January 21, 1931.

There was no error in the trial, and the judgment of the court below is accordingly affirmed.