## CATAGRONE v. UNITED STATES.

### No. 9307.

Circuit Court of Appeals, Eighth Circuit.
March 3, 1933.

Rehearing Denied April 14, 1933.

BOOTH, Circuit Judge, dissenting.

Charles S. Walden and Anthony P. Nugent, both of Kansas City, Mo. (Frank D. Rader and Paul S. Conwell, both of Kansas City, Mo., on the brief), for appellant.

A. B. Lovan, Asst. U. S. Atty., of Kansas City, Mo. (William L. Vandeventer, U. S. Atty., and Claude E. Curtis, Asst. U. S. Atty., both of Kansas City, Mo., on the brief), for the United States.

Before STONE and BOOTH, Circuit Judges, and WYMAN, District Judge.

STONE, Circuit Judge.

This is an appeal from a conviction for violation of the National Prohibition Act (27 USCA) by manufacturing whisky.

While several assignments of error are made and presented here, they all depend upon one matter. That matter is the action of the court in denying a motion to suppress certain evidence claimed to have been secured by an unlawful search and seizure. The contention of the appellant is that the search was made upon a warrant which, for stated reasons, was illegal. The government contends that the warrant was entirely legal, but that, if the warrant be not sufficient, the search was legal because made in connection with an arrest for a felony committed in the presence of the officers.

### I. The Warrant.

The undisputed facts in connection with the warrant are that on May 4, 1931, a prohibition agent went to a two-story brick residence and there smelled the odor of mash emanating therefrom. Upon the strength of this information, he appeared before the commissioner and made application for a search warrant for violation of the internal revenue laws. He filed an affidavit that he had distinctly smelled the odor of mash emanating from the building, that he was fully acquainted with the odor of mash when used in the manufacture of distilled spirits, and that such spirits were being unlawfully man-

ufactured on the premises at the time without payment of tax. The commissioner found this to be probable cause, and issued the warrant to affiant and others named as "Prohibition agents, and officers in the Bureau of Prohibition of the United States of America" for a violation of the internal revenue laws.

The motion to suppress sets forth three numbered grounds, but it may best be understood as based on two grounds with two reasons for each ground. The first ground (a) is the insufficiency of the affidavit as a basis for the warrant; the second ground (b) is the claimed lack of authority to issue a search warrant either upon an affidavit of prohibition enforcement officers or to such officers.

### (a) Sufficiency of the Affidavit.

Although the sufficiency of the showing upon which the warrant issued is attacked, that affidavit does not appear in this transcript. However, the parties treat the showing in the warrant as sufficiently revealing the contents of the affidavit, and we may so regard it. USCA, title 18, § 616. Appellant claims this showing is fatally defective in two respects: First, in failing to allege sales (this being a residence) ; and, second, the odor of mash used for distilling purposes is not probable cause to believe unlawful distillation.

As to the contention that it was necessary to allege sales since the showing was that this was a private residence, we think it is sound under the circumstances here. It may well be that, where officers have in mind a violation of the internal revenue laws concerning the taxation of intoxicants, they need not allege sales in a residence. However, when the resulting prosecution is based upon violation of the National Prohibition Act, it would be a complete evasion of section 25, of title 2 thereof (USCA, title 27, § 39), to permit evidence to be introduced therein which was secured in violation of that section, even though it might have been properly admissible in a prosecution for violation of the internal revenue law because procured in accordance with statutes governing search and seizure for violations of the internal revenue law. Since the warrant is void for this reason, we need not examine the other contentions concerning the sufficiency of the warrant.

### II. Arrest.

While the government contends that the warrant was entirely legal, yet it also contends that, if the warrant were illegal, the search in this instance was legal because made as an incident to and following the arrest of appellant for the commission of a felony in the presence of the officers. The evidence in connection with this latter contention is that the prohibition agents went to this residence with the search warrant, presumably for the purpose of making a search thereunder. When they stopped their car in front of the house, they smelled the odor of mash and saw the defendant inside of the house. One of them went to the front door and another around toward the back door. As the latter walked around the side of the house, he saw the defendant looking out of a window, and he then told him they were government officers and "asked him to open the door." Defendant then opened the front door, whereupon there came out of the open door a very strong odor of mash. Defendant was then and there placed under arrest, and the officers thereafter made the search and seizure. One of the officers stated in evidence that, while they had a search warrant at the time they entered, the search was made "by the fact a crime was taking place in our presence." The officers, however, did serve appellant with a copy of the search warrant, with an inventory thereon of the articles seized, which was signed by one of them. From this evidence it appears that the search and seizure were made under both authorities; that is, the warrant and also as incidental to an arrest for a felony committed in the presence of the officers. If the officers made a lawful arrest for a crime committed in their presence, they were justified in searching the place in order to find and seize the things used to carry on the crime for which the arrest was made, and the fact they also had a search warrant covering the same or a different offense would not detract from that power [Marron v. U. S., 275 U. S. 192, 198, 48 S. Ct. 74, 72 L. Ed. 231; Billingsley v. U. S., 16 F.(2d) 754, 756, this court; Lee Kwong Nom v. U. S., 20 F. (2d) 470, 472 (C. C. A. 2) ; Vachina v. U. S., 283 F. 35, 36 (C. C. A. 9)], and this is true even though it turns out that the search warrant is void or does not cover the articles seized (Marron v. U. S., supra; Billingsley v. U. S., supra; Vachina v. U. S., supra). Here, the search was not made until after the arrest, and it was made to secure evidence of the commission of the crime for which the arrest was made.

The arrest was properly made as for a crime committed in the presence of the officers because from the strong odor of mash and the presence of the appellant in this residence the officers were justified in making the arrest for this crime. Taylor v. U. S., 286 U. S. 1, 6, 52 S. Ct. 466, 76 L. Ed. 951; Tay-

lor v. U. S., 55 F.(2d) 58, 59 (C. C. A. 4); Wida v. U. S., 52 F.(2d) 424 (C. C. A. 8); Gerk v. U. S., 33 F.(2d) 485 (C. C. A. 8); Lee Kwong Nom v. U. S., 20 F.(2d) 470, 472 (C. C. A. 2); Billingsley v. U. S., 16 F.(2d) 754 (C. C. A. 8); Weeke v. U. S., 14 F.(2d) 398 (C. C. A. 8); Bock v. U. S., 12 F.(2d) 370, 373 (C. C. A. 8); Mulrooney v. U. S., 46 F.(2d) 995 (C. C. A. 4); De Pater v. U. S., 34 F.(2d) 275, 276, 74 A. L. R. 1413 (C. C. A. 4); Schulte v. U. S., 11 F.(2d) 105 (C. C. A. 5); Tritico v. U. S., 4 F.(2d) 664 (C. C. A. 5); Garske v. U. S., 1 F.(2d) 620, 623 (C. C. A. 8); McBride v. U. S., 284 F. 416, 418 (C. C. A. 5), certiorari denied 261 U. S. 614, 43 S. Ct. 359, 67 L. Ed. 827.

The judgment is affirmed.

BOOTH, Circuit Judge (dissenting).

I dissent from the holding in the majority opinion that the search was an incident to an arrest which was lawfully made because of a crime committed in the presence of the officers.

To my mind, the evidence shows that the arrest was a mere pretext for making the search. The premises in question were a residence. The evidence indicates that the purpose of the prohibition agents in going to the premises was to make a search. This is shown by the fact that the agents armed themselves with a search warrant specifying the place and the articles to be seized. They had no warrant of arrest. They showed the search warrant to defendant, whom they found on the premises, and then made the search. They made a return on the search warrant of the articles seized.

Having prior knowledge that the premises constituted a residence, and having no proof of sales of liquor on the premises, the agents could not obtain a search warrant under the Prohibition Act. Accordingly, they procured a search warrant upon an affidavit of one of them, alleging that he believed that a fraud upon the revenue of the United States was being committed upon the premises by the manufacture of distilled spirits subject to payment of a tax, but upon which no tax was paid.

It is conceded in the majority opinion that the search warrant was void; but it is contended that upon arrival at the premises, the agents obtained knowledge of facts which showed that a crime was being committed in their presence, and that therefore the arrest was legal, and also the search as incident thereto.

Assuming, but without deciding, that, notwithstanding the express provisions of section 25, title 2, of the National Prohibition Act, a search of a residence may be carried out as incident to an arrest made because of a crime committed in the presence of the officer, yet in my judgment no such situation is presented by the facts in the case at bar.

The facts of which the prohibition agents obtained knowledge were two: (1) They smelled an odor of mash coming from the house; (2) they saw a man enter the house, and in the house, who later told them that he lived there.

As to the first, the statement by Mr. Justice McReynolds in Taylor v. United States, 286 U. S. 1, 6, 52 S. Ct. 466, 467, 76 L. Ed. 951, seems pertinent: "Prohibition officers may rely on a distinctive odor as a physical fact indicative of possible crime; but its presence alone does not strip the owner of a building of constitutional guaranties against unreasonable search."

As to the second, there is no evidence that they knew who the man was, his name or business; or that they knew he was the owner of the house or in possession thereof; or that they knew that there was a still in the house; or, if there was, that they knew that the man had anything to do with it. So far as the knowledge of the agents went, the man whom they found in the house was not then committing a crime in their presence; and, so far as the knowledge of the agents went, no one had committed a crime in their presence.

This being the state of the record, I think there was no foundation shown for a legal arrest, and that the arrest made was simply a pretext for a search.

In United States v. Lefkowitz, 285 U. S. 452, 467, 52 S. Ct. 420, 424, 76 L. Ed. 877, Mr. Justice Butler said: "An arrest may not be used as a pretext to search for evidence."

The search under the circumstances disclosed was not, in my judgment, valid; and it is elementary that subsequent developments would not legalize a search, if it was invalid when made.

In addition to the authorities above cited, the reasoning in the following cases, in my judgment, supports the conclusion I have reached: Agnello v. United States, 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409; Henderson v. United States (C. C. A.) 12 F.(2d) 528, 51 A. L. R. 420; Raniele v. United States, 34 F.(2d) 877 (C. C. A. 8); United States v. McCunn (D. C.) 40 F.(2d) 295; United States v. 1013 Crates of Whiskey Bottles (C. C. A.) 52 F.(2d) 49.

I think the judgment should be reversed.