## UNITED STATES *v.* BROOKS.

*(District Court, D. Washington, N. D.   December 9, 1890.)*

CRIMINAL LAW—BILL OF PARTICULARS—DISMISSAL—EMBEZZLEMENT.

> An indictment charging an ex-collector of customs with embezzlement being so indefinite that the court was unable to understand whether it involved but a single transaction or a series of peculations, the court ordered that a bill of particulars be furnished, and continued the case to allow time to prepare it. At a subsequent term, upon the case being called for trial, the district attorney declared his inability to furnish the bill of particulars, and moved to discontinue the cause. *Held*, that the statement of the district attorney was equivalent to an admission of a lack of evidence to sustain the charge, and, as the prosecution must fail, the motion was granted, notwithstanding the defendant's protest and demand for a jury trial.

*(Syllabus by the Court.)*

On Indictment for Embezzlement.

*Patrick H. Winston*, U. S. Atty.

*A. R. Coleman*, for defendant.

HANFORD, J., (*orally.*)   The defendant in this case was indicted by a grand jury in the district court of the third judicial district of Washington territory, holding terms at Port Townsend, for the crime of grand larceny, by embezzlement of funds belonging to the United States, alleged to have been received by him in his official capacity as collector of customs for the district of Puget sound. The indictment alleges that

a certain gross sum of money came into his hands officially as collector of customs; that he has not accounted for all of it, but has embezzled a part of it. The case was pending at the time of the change from the territorial to a state government, and in due time this court, as successor of the territorial district court, assumed control of the case, and the defendant was arraigned in this court upon that indictment. On being arraigned, he asked to be furnished a bill of particulars. Upon due consideration, the court was unable to understand, from the facts stated in the indictment, whether the government intended to charge him with having received at one time the amount of money alleged to have come into his hands, and from that single amount appropriated a part, or whether it was claimed that at different times during his incumbency in office he had received sums aggregating a gross sum, as mentioned, and had appropriated a part of each of the different sums, or whether it was claimed that the sum total of all his receipts while in office was the gross sum mentioned, and that, after allowing him all proper credits upon a statement of account, there remained a balance for which he was indebted to the United States, or, in other words, a shortage upon a settlement equal in amount to the sum alleged to have been embezzled by him. If the latter contention is the theory on which this indictment was framed, it is obvious that a plea of not guilty would put in issue every cash transaction of the custom-house during the time that Mr. Brooks was in control as collector. It would require a considerable time in the trial. It would require here the presence of a multitude of witnesses, in order to prove all the different items of debit and credit. This being so, for the sake of economy in time, and to save the annoyance and expense of bringing here so large a number of witnesses from almost everywhere, the court deemed it reasonable on the part of the defendant to ask for this bill of particulars, and also deemed that the interest of the government required that it should be furnished before the trial of the case, and therefore granted the motion and continued the cause, for the purpose of affording the government an opportunity to furnish this bill of particulars. The United States attorney now states to the court, on the case being called for trial, that he is not able to furnish this bill of particulars, and therefore asks permission of the court to dismiss the prosecution.

I certainly think that, if the government is unable to furnish the bill of particulars, it is unable to go on with the prosecution. If it cannot state the items of the account, it certainly is not in a position to prove these items; and, as the court will not permit the defendant to be convicted or punished until his guilt is established by some proof, it is impossible to proceed with this prosecution further. The defendant objects to a dismissal of the case, and claims that he is entitled to have a verdict of not guilty from a jury to vindicate him from the charge that has been made, and which appears to be unsupported. I will grant the United States attorney's motion, and in doing so will answer the objection of the defendant in this way: I consider that the mere formal matter of a verdict will add nothing to his vindication. If the jury

wore called here, I would be obliged to direct them to render a verdict for the defendant for want of evidence against him; and such a verdict would not be at all different from the ruling which I make in allowing the case to be dismissed for want of evidence to support it.