## UNITED STATES v. FARRINGTON.
### No. 8959.

District Court, M. D. Pennsylvania.
June 25, 1935.

Arthur A. Maguire, Acting U. S. Atty., of Scranton, Pa., and William J. Samford, Sp. Asst. to Acting U. S. Atty., of Washington, D. C., for the United States.

Abram Salsburg, of Wilkes-Barre, Pa., and Andrew B. Dunsmore, of Wellsboro, Pa., for defendant.

JOHNSON, District Judge.

This case comes before the court on a petition for a bill of particulars.

Defendant was indicted under the Revenue Act of 1928 (26 USCA § 2001 et seq.) for having unlawfully, willfully, knowingly, and feloniously attempted to defeat and evade his income tax for the years 1929, 1930, and 1931, and for having unlawfully and willfully failed to make a return for the year 1931.

The defendant in his petition for his bill of particulars prays this court to direct the United States Attorney to show how the government claims that the petitioner derived and received a gross income for the years 1929, 1930, and 1931, amounting to $58,084.71, $17,297.18, and $37,452.51, respectively; what credits the government allowed the petitioner in computing said net incomes for said years; and how the government arrived at the petitioner's attempt to defeat and evade a tax of $5,990.47, $508.78, and $2,933.91 for the years 1929, 1930, and 1931, respectively.

The allowance of bills of particulars is within the sound discretion of the court. Wong Tai v. United States, 273 U. S. 77, 47 S. Ct. 300, 71 L. Ed. 545, to be exercised according to the circumstances of each case.

In the case of Singer v. United States, 58 F.(2d) 74, 75, involving an indictment for evading and defeating the income tax

216

law, the Circuit Court of Appeals for the Third Circuit was of the opinion that the motion for a bill of particulars should have been granted in that case, which cannot be distinguished from the case at bar. The Circuit Court there held that the government must show how the large item of income was made up so that the defendant could properly prepare his defense. This court is of the opinion that the defendant here cannot prepare his defense without knowing how the large items of $58,084.71, $17,297.18, and $37,452.51 are made up, and that the United States Attorney should furnish a bill of particulars showing this information.

The court is further of the opinion that the indictment is particular in the other respects. The allegations of the indictment show that the defendant was married and living with his wife, and had four dependents; that he was entitled to no deductions other than those items, which under the provisions of the Revenue Act shall not be included in gross income and which shall be exempt from taxation. Thus if no credits or deductions were allowed in computing the net income, none could be set forth in a bill of particulars. Having set forth the net income, the amount of tax is computed in accordance with the Revenue Act, and a bill of particulars would not add anything not already known.

And now, June 25, 1935, it is ordered that the United States Attorney furnish the defendant with a bill of particulars showing how the incomes of $58,084.71, $17,297.18, and $37,452.51, for the years 1929, 1930, and 1931, respectively, are made up.