## UNITED STATES v. YOFFE.

### SAME v. KRASNOW et al.

### SAME v. KRASNOW.
#### Nos. 16100–16102.

District Court, D. Massachusetts.

Oct. 15, 1943.

Edmund J. Brandon, U. S. Atty., of Boston, Mass., and Joseph M. Hargedon, Asst. U. S. Atty., of Lawrence, Mass., for plaintiff.

Joseph E. Casey, of Clinton, Mass., and C. Keefe Hurley and Hale & Dorr, all of Boston, Mass., for defendants.

FORD, District Judge.

Motions for bills of particulars, argued together, have been filed in the above numbered indictments in which Eli Yoffe and

---

William S. Krasnow have been named as defendants.

A. In the first indictment (No. 16100) Eli Yoffe is charged with attempting to evade and defeat his income tax, in that he received as gross income for the calendar year 1936 the sum of $71,190.79 (salaries $4,080; interest $94.25; dividends $2,199.02; rents $2,750; other income $62,067.52) upon which a tax of $14,231.-87 was allegedly owing to the government after the proper deductions and credits were allowed, but that he filed a return showing a gross income of $4,812.65 with deductions claimed totalling $1,764.07, leaving a net income of $3,048.58 upon which no tax was due and payable.

B. The indictment (No. 16102) charging William S. Krasnow with attempting to evade and defeat his income tax contains two counts. The first count charges Krasnow with receiving as gross income for the calendar year 1936 the sum of $67,619.12 (salaries $2,400; partnership income $10,265.90; capital gain $1,976.58; other income $52,976.64) upon which a tax of $15,288.38 was allegedly owed to the government after the proper deductions and credits were allowed; that the defendant filed a return showing a gross income of $14,642.48, deductions totalling $1,045.55, leaving a net income of $13,596.93 upon which a tax of only $827.60 was due and payable. The second count charges Krasnow with receiving as gross income for the calendar year 1937 the sum of $96,-591.16 (salaries $2,000; partnership income $315.27; other income $94,275.89) upon which a tax of $28,775.36 was allegedly owed to the government after the proper deductions and credits were allowed; that the defendant filed a return showing a gross income of $2,315.27 upon which no tax was due and payable.

C. Eli Yoffe and William S. Krasnow were indicted (No. 16101) and charged with conspiracy to defeat and evade income and excess profits taxes of Yoffe-Krasnow, Inc., a corporation, for the calendar years 1934, 1935, and 1936, in that during those calendar years the corporation received net income of $116,684.24 (alleged tax due $21,253.29), $154,828.46 (alleged tax due $28,352.63), and $163,767.58 (alleged tax due $39,981.93), respectively, but that the said corporation filed income and excess profits tax returns, signed by Eli Yoffe as president and by William S. Krasnow as treasurer, which showed a net income of only $8,409.02 for 1934 (tax liability $1,156.24), $12,536.13 for 1935 (tax liability $1,723.72), and $979.28 for 1936 (tax liability $78.34). The indictment alleged it was part of said conspiracy that the defendants would sell goods of the corporation under the fictitious name of Y.K. Associates so as to prevent such corporate sales from being recorded on the corporation books; and that the defendants would divert large sums of the corporation's sales receipts from the corporation · into bank and brokerage accounts owned by them so as to prevent such receipts from being treated by the corporation as income.

Defendant Yoffe moves that the government be ordered to furnish a bill of particulars with respect to the sources from which he is alleged to have received the sum designated in the indictment as "Other income". He also asks that the government be ordered to state the nature and kind of transactions from which it is claimed he derived such "other income". The above requests are prayers No. 1 and No. 2 in the defendant's motion for a bill of particulars. The third and last prayer requests that if it is claimed that the sums designated in the indictment as "other income" were derived by the defendant as the result of sales of goods, the government apprise him of the character of the goods sold, to whom and at what time the sales were made, and from what sources defendant originally received the goods; also, in arriving at the amount of the income claimed to have been derived by the defendant from these sales, what allowance, if any, was made for the cost of the goods, and what allowance, if any, was made for business expenses aside from the deductions set forth in the indictment.

The defendant Krasnow's motion for a bill of particulars is identical in every respect with that of the defendant Yoffe, except that his motion concerns the calendar years 1936 and 1937.

Defendants' motion for a bill of particulars in the conspiracy indictment requests the government to state the sources from which the corporation is claimed to have received the sums designated in the indictment as "net income" and the nature of the transactions from which the corporation derived said "net income". There is also a request that if it is claimed that the sums designated in the indictment as "net income" were derived by the corporation as a result of sales of goods, the government apprise the defendants of the character of the goods, to whom and at what time

the sales were made, and from what sources the corporation originally received the goods; also, in arriving at the amount of the "net income" claimed to have been derived by the corporation from these sales, what allowance, if any, was made for the cost of the goods, and what allowance, if any, was made for business expenses. Defendants also demand the government be compelled to state the amount of gross income of the corporation used in arriving at the sums designated in the indictment as "net income" and to set forth the computation showing how the "net income" was made up. The government is also requested to show how the "income and excess profits taxes" alleged in the indictment to be due and payable to the United States, were computed.

The function of a bill of particulars is better to acquaint the defendant with the crime charged so that he may properly prepare his defense (Mulloney et al. v. United States, 1 Cir., 79 F.2d 566, 572; Coffin v. United States, 156 U.S. 432, 452, 15 S.Ct. 394, 39 L.Ed. 481), and its application is addressed to the discretion of the court. Wong Tai v. United States, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545; Rosen v. United States, 161 U.S. 29, 40, 16 S.Ct. 434, 480, 40 L.Ed. 606. It is a proper remedy to avoid the danger of injustice, in that even though an indictment may set forth the offense with certainty, a bill of particulars should be ordered if the language is such that the defendant is liable to be surprised at the trial by the introduction of evidence for which he is unprepared. O'Neill v. United States, 8 Cir., 19 F.2d 322, 324; Billingsley v. United States, 8 Cir., 16 F.2d 754, 756.

The first prayer of the defendant Yoffe's motion should be granted and the government should furnish a bill of particulars showing the source or sources of the sum designated in the indictment as "Other income" for the calendar year 1936. In order to avoid the danger of surprise and injustice at the trial, the defendant should have this information. Singer v. United States, 3 Cir., 58 F.2d 74; United States v. Farrington, D.C., 11 F.Supp. 215; and see Rose v. United States, 10 Cir., 128 F.2d 622.

The second prayer, for the purposes of this motion, is repetitious of the first and the showing of the source or sources of the "other income" will sufficiently indicate the nature and kind of transactions from which it is claimed "other income" is derived.

The third prayer demands too much. It is not the purpose of a bill of particulars to furnish the defendant with the government's testimony in advance. Mulloney et al. v. United States, supra; United States v. Brown, D.C., 56 F.2d 659; Robinson v. United States, 9 Cir., 33 F.2d 238, 240; Rubio v. United States, 9 Cir., 22 F.2d 766, 767; United States v. Farrington, supra.

What has been said above applies to the defendant Krasnow's motion in No. 16102 as well.

As to the conspiracy indictment, the motion for a bill of particulars should be denied as the indictment contains language certain enough to enable defendants to prepare their defenses without danger of surprise or injustice. To allow the motion would furnish defendants with the government's case in advance.

Thus, it is ordered that the government furnish defendant Yoffe with a bill of particulars showing the source or sources of the "Other income" for the calendar year 1936 and defendant Krasnow with a bill of particulars showing the same for the calendar years 1936 and 1937.