## UNITED STATES v. ANDREWS.
### No. 3668C.

United States District Court
W. D. New York.

Aug. 31, 1944.

George L. Grobe, U. S. Atty., Buffalo, N. Y. by Goodman A. Sarachan, Asst. U. S. Atty., Rochester, N. Y., for plaintiff.

Raichle & Tucker, for defendant.

KNIGHT, Chief Judge.

The indictment contains four Counts, each charging the defendant with wilful and fraudulent evasion of income taxes for the calendar years 1937 to 1940, inclusive. Defendant's sources of income, as reported by him and as charged in the indictment, were "dividends", "interest", "partnerships", "rents and royalties", "oil leases" and "business income." For each of said years the items "dividends" and "interest" received admittedly were correctly reported, and income from "oil leases" for the years 1938 and 1940 is not involved.

The defendant moves for a bill of particulars showing how the items of "partnership income", "oil leases", "rents and royalties" and "business income", including dates and sources of all receipts, are made up in the several Counts, and an itemized statement of "each and every adjustment made respecting the partnership income, rents and business income as alleged in each Count are made up."

The test with respect to the sufficiency of the indictment is whether the facts are so distinctly set forth as to advise the accused of the charge made and give him a reasonable opportunity to prepare his defense, "so particularly as to enable him to avail himself of a conviction or acquittal in defense of another prosecution for the same offenses, and so clearly that the court may be able to determine whether or not the facts there stated are sufficient to support a conviction." United States v. Allied Chemical & Dye Corp., D.C., 42 F.Supp. 425, 428. The indictment herein meets the test stated, except in the respects hereinafter set forth. Within this limitation the court has a wide discretion in its action upon a motion for a bill of particulars. A rule of guidance, as it is understood, is that the government will not be required to make a disclosure in detail of its evidence. Each case, of course, depends upon its own peculiar facts, but the effect of granting of this motion in toto would be to require the government to disclose substantially upon all of its evidence. Situations comparable to those alleged here have been considered many times by the courts. It is believed that a great majority are in accord with the decision herein made.

What was said by Judge Caffey in United States v. Wexler, D.C., 6 F.Supp. 258, 259, is directly in point. The defendants there moved for a bill of particulars giving a detailed statement of the items in various counts of the indictment representing income from a beverage business and related enterprises, items representing expenses. There the court said: "Indeed, as I analyze the indictment, it seems to me that the government could not comply with the demands as framed without injurious disclosure of its evidence. It is without dispute that a revelation of that character should not be required. Horowitz v. United States, 2 Cir., 262 F. 48." The Wexler case was affirmed by the Circuit Court in this Circuit, 79 F.2d 526. The appeal, however, did not involve any question of the propriety of the decision of the lower court denying a bill of particulars.

In Stumbo v. United States, 6 Cir., 90 F. 2d 828, 832. Certiorari denied 302 U.S. 755, 58 S.Ct. 282, 82 L.Ed. 584, the court in affirming the denial of a motion for amplification for a bill of particulars said: "The motion for amplification requested information concerning the minutest items of evidence. We know of no invasion of the rights of defendants in the failure of the court to require that the Government lay before them its entire case."

574

In United States v. Hall, D.C., 52 F.Supp. 796, 797, the court said:—"The motion for bill of particulars seeks the computation and basis upon which various items have been determined. This is clearly an effort to obtain the evidence upon which the government bases its charges. The indictment sets forth the items and amounts which the government claims go to make up the true income of the defendant for each of the years in question. * * * To require more than has been set forth in these indictments would force the government to detail its evidence to an extent not considered necessary under our present criminal procedure." Vide also: United States v. Van Wagenen-Sager, Inc., D.C., 34 F.Supp. 735; United States v. Kessler, D.C., 43 F.Supp. 408; Rose v. United States, 10 Cir., 128 F.2d 622, certiorari denied 317 U.S. 651, 63 S.Ct. 47, 87 L.Ed. 524.

It seems to me that the cases cited by the defendant in support of this motion are distinguishable. Reliance seems to be principally based upon Singer v. United States, 3 Cir., 58 F.2d 74. The charge was the same as that involved here. There the indictment alleged, among other things, evasion with respect to "other income", without specifying what such other income was. Further, the particulars were also sought as to "income from partnership." The books of the partnership were in the possession of the government, and the government refused an inspection of these. In the instant case there is no count including "other income", and the books of the partnership, so far as the record discloses, are now in the possession of the partnership of which the defendant was a member.

In United States v. Empire Paper Corp., D.C., 8 F.Supp. 220, also a tax evasion charge, it appeared that the government had been in possession of the books of the defendant, but that the figures shown in the indictment as going to make up the true income of the defendants could not be reconciled with the books of the defendants.

In United States v. Farrington, D.C., 11 F.Supp. 215, Singer v. United States, supra, is cited as being not distinguishable, but in that case, so far as the opinion discloses, there was no breakdown of the gross income for the years there in question.

United States v. Greve, D.C., 12 F.Supp. 372, and United States v. Clawson, D.C., 13 F.Supp. 178, are not comparable in facts to those shown here.

In Rose v. United States, 10 Cir., 128 F.2d 622, 624, the Circuit Court said: "The bill should have been furnished in respect to the item 'Other Income' in each count." In that case the appellant moves for a bill of particulars as to "each count in the indictment showing a break-down or recapitulation of each item of income and indicating with particularity the source from which it was contended such income had been derived or received." In distinguishing that case from Singer v. United States, supra, the court said: "that the greatly exaggerated allegations in respect to amounts, the confusion, and the interruptions in an effort to unravel the facts, all considered together, prejudiced him (Singer). But here an entirely different situation is presented."

United States v. Allied Chemical & Dye Corp., supra, involved a charge of conspiracy. None of the reasons given for granting the bill of particulars in that case are applicable here.

Again, in United States v. Yoffe, D.C., 52 F.Supp. 175, 177, the court required the government to furnish a bill of particulars showing only the source of the sum designated as "other income" or designated in the first two indictments as "other income." The facts set forth in this case are quite comparable with the case at bar. The court specifically denied the motion as to the third indictment as relating to all of the items of charges set forth in the indictment. This third indictment did not include any charge with respect to "other income". The court said: "The third prayer demands too much. * * * To allow the motion would furnish defendants with the government's case in advance."

Again, United States v. Brooks, D.C., 44 F. 749, 750, shows facts not in point here. As a ground for granting the motion the court said: "Upon due consideration, the court was unable to understand, from

the facts stated in the indictment, whether the government intended to charge him with having received \* \* \* the amount of money alleged to have come into his hands, and from that single amount appropriated a part, or whether it was claimed that at different times \* \* \* he had received sums \* \* \* and had appropriated a part of each \* \* \*, or whether it was claimed that the sum total of all his receipts \* \* \* was the gross sum mentioned".

During the years in question the defendant was engaged in various business activities, each of considerable importance. He was a co-partner in the so-called Andrews Advertising Company, a co-partnership engaged in bill posting business in and about several cities in the State of New York and the State of Pennsylvania, and the annual receipts from this business was approximately $200,000 per year; he was engaged individually in the poster advertising business at Elmira, New York; he was engaged in the business of producing crude oil in Allegany County, New York, and he also owned a theatre building from which he received certain rents.

With reference to the partnership business, the affidavit of the defendant submitted upon this motion states that this "requires extensive bookkeeping, and books adequate to the needs of the business are regularly maintained and have been throughout the period of time alleged in various counts of the indictment." Further, the affiant states: "I know how my business is run, and I can verify the claims which I have made in my income tax returns for deductions and income chargeable to me." The affiant gives a somewhat detailed statement of the method of the conduct of his various business activities. He seeks details of the claims of the government showing the detailed items of alleged shortages set forth in the indictment. Except as hereinafter specified he is not entitled to those, for the reasons hereinbefore stated and for the further reason, as appears from the moving affidavit, that he has his books of account, as he claims, showing the actual income and expenses connected with the several counts of the indictment.

The differences between the computations made by the defendant and those set forth in the indictment, as stated in the government's brief, are made up of receipts from co-partnership and individual advertising business; items charged as business expenses which were used for purchase of capital assets or for personal use; cash withdrawals by the defendant transferred to his personal account and falsely charged to expenses; fictitious entries in his books of alleged expenses never incurred; rents received from real estate and not reported; income from oil lease not reported and deduction of loss incurred by the defendant. All of these are matters of account which should normally have been reflected in the books of the defendant. It is true, that as to differences based on rates of depreciation or erroneous computation, or such like, defendant might be entitled to a more detailed information as to those claims, but the government states that these differences do not arise from such situations. It is admitted by the government there is no question about the amount of depreciation, taken either by the co-partnership or by the defendant individually.

■ Defendant states that he is unable to "state or understand, whether the government or the Bureau of Internal Revenue includes receipts from the sale of oil in 'Oil Leases' or in 'Business Income.'" As pointed out, the indictment reads: "Oil Leases" and "Business Income." It would seem that these ordinarily would mean income from the leasing of oil as distinct from income from the production of oil. However, it is believed that the plaintiff should be required to state whether oil leases include only the amounts received from a lease or leases or whether it includes income from production.

■ Further, charges of the indictment relate to "rents and royalties." The government should state from what properties rents and royalties are included and the separate income from each. Defendant claims an income as rent from a single theatre property. Royalties may have come from various sources.

Further, the government should state, without itemizing, the total receipts from the defendant's advertising businesses claimed to be unreported; the total of the amount charged on defendant's books as business expenses which were used either for purchase of capital assets or for personal use which are claimed to be unreported; the total of cash withdrawals by the defendant transferred to his personal account and claimed to have been falsely charged to expenses; the total of fictitious entries in defendant's books of alleged expenses claimed to never have been incurred; the total of receipts of rent from real estate unreported; and the total income from oil leases unreported.

[7] The defendant asserts that he is not interested in any co-partnership other than the Andrews Advertising Company. The government should state whether it claims that defendant was interested in any co-partnership other than the Andrews Advertising Company.

An order may be submitted to accord herewith.