

Daniel H. Jenkins, U. S. Atty., Scranton, Pa., Daniel R. Minnick, Asst. U. S. Atty., Nesquehoning, Pa., for plaintiff.

Bidelspacher & Bidelspacher, Williamsport, Pa., for defendants.

FOLLMER, District Judge.

This is a motion by both defendants for a Bill of Particulars.

The Indictment contains six counts, the first four charging evasion of taxes in violation of 26 U.S.C. § 7201, the last two charging conspiracy to evade and defeat income taxes in violation of 18 U.S.C. § 371.

The first count alleges that defendant, Robert F. Wheeland, wilfully attempted to evade and defeat income taxes due the United States of America by filing or causing to be filed a false or fraudulent income tax return for the calendar year 1954 for himself and wife, wherein it was stated their adjusted gross income for the said year was $1,124.58 with no tax owing, whereas, as defendant well knew, their adjusted gross income for 1954 was $10,124.45 with a tax owing. in the sum of $1,765.38.

**UNITED STATES of America**

v.

**Robert F. WHEELAND and Donald Wheeland, Individually and as Partners in: R. F. & Don Wheeland, Liberty, Pennsylvania.**

The second count with similar allegations against defendant, Robert F. Wheeland, with respect to tax return for 1955, sets forth as follows:

Return showed adjusted
gross income of       $1,943.90
Tax owing       145.06,

when defendant well knew,

Joint adjusted gross income
to be       9,035.23
Tax owing       1,570.98.

The third count with similar allegations against defendant, Donald Wheeland, with respect to tax return for 1954, sets forth as follows:

Return showed adjusted
gross income, Loss of       $138.03
Tax owing       None

when defendant well knew,

Adjusted gross income to be $7,855.95
Tax owing       923.48.

The fourth count with similar allegations against defendant, Donald Wheeland, with respect to tax return for 1955, sets forth as follows:

Return showed adjusted
gross income       $2,557.73
Tax owing       76.73

when defendant well knew,

Adjusted gross income to be 8,824.03
Tax owing       1,001.16.

Counts five and six are. conspiracy counts charging defendants, Robert F. Wheeland and Donald Wheeland, with conspiracy to wilfully attempt to evade and defeat income taxes due the United States of America, respectively, for the years 1954 and 1955.

The Government in its Response states: "In answer to the Motion for the theory of the prosecution, the proof of the Government will be specific proof and not net worth."

The allowance of bills of particulars is within the sound discretion of the court.[1]

Although the Indictment filed herein does meet the basic requirements of Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C., it is lacking in the particularity necessary to enable defendants to properly prepare their defense. It was precisely such a situation which Rule 7(f) of the Federal Rules of Criminal Procedure was designed to remedy.

In Singer v. United States, 3 Cir., 1932, 58 F.2d 74, 76, the court said:

"When it appears that the indictment does not inform the defendant with sufficient particularity of the charges against which he will have to defend at the trial, he is entitled to a bill of particulars, if seasonal application is made therefor. The defendant may demand this as a matter of right, even though the indictment sets forth the facts constituting the essential elements of the offense with such certainty that it cannot be pronounced bad on motion to quash or demurrer, where the charge is couched in such language that the defendant is liable to be surprised and unprepared. * * * "

The Court is of the opinion that the defendants here cannot prepare their defense without knowing how the figures in the several counts are made up and that the Government should furnish a Bill of Particulars showing this information.[2]

1. United States v. Farrington, D.C.M.D. Pa.1935, 11 F.Supp. 215; United States v. Caserta, 3 Cir., 1952, 199 F.2d 905, 910; Wong Tai v. United States, 1927, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545.

2. United States v. Farrington, supra; United States v. Gorman, D.C.E.D.N.Y.

1945, 62 F.Supp. 347; United States v. Cafe Traymore, Inc. et al., D.C.S.D. N.Y.1950, 93 F.Supp. 268; United States v. Witbeck, D.C.N.D.N.Y.1954, 122 F. Supp. 717; United States v. O'Neill, D.C. E.D.N.Y.1957, 20 F.R.D. 180.