**UNITED STATES of America,**

v.

**Thomas P. EARNHART.**

**Crim. No. 87–20015–01.**

United States District Court,
W.D. Arkansas,
Fort Smith Division.

Oct. 27, 1987.

Bruce Morton and Mark Webb, Fort Smith, Ark., for plaintiff.

Eddie Christian, Fort Smith, Ark., for defendant.

MEMORANDUM OPINION

MORRIS SHEPPARD ARNOLD, District Judge.

Thomas Earnhart was indicted on September 24, 1987, on eight counts of income tax evasion. Counts 1–3 charge that he filed "false and fraudulent" joint tax returns for 1980, 1981, and 1982. Counts 4–8 charge that he aided the filing of "false

and fraudulent" tax returns for various corporations for the fiscal years ending in 1980, 1981, and 1982.

Mr. Earnhart has pleaded not guilty to these charges. Trial is set for November 30, 1987, in Fort Smith.

Mr. Earnhart has now moved for a bill of particulars as to certain items. The motion will be granted in part and denied in part.

\* \* \* \* \* \*

The courts have generally recognized that because tax cases are ordinarily so complex, motions for bills of particulars should be viewed more liberally in such cases. *See generally* Annotation, *Accused's Right to Bill of Particulars in Criminal Prosecution for Evasion of Federal Income Taxes*, 25 A.L.R.Fed. 8 (1975), specifically § 4 at 32. Factors that the courts have considered in deciding whether to allow a bill of particulars include the necessity of the items for a defendant's preparation of a defense; the advisability of preventing surprise, delay, or injustice at trial; the prevention of undue labor in the preparation of a defense; and the absence of prejudice to the government's case. *Id.*, §§ 6-8, § 14.

The government has disclosed that it intends to rely on the specific items method of proof and that it does not intend to rely on the net worth and expenditures method of proof or the bank deposits method of proof. In addition, the government has stated the amounts of Mr. Earnhart's alleged true income and alleged correct tax due. The indictment already describes certain categories of items on the corporate returns for which fraudulent deductions are alleged to have been claimed, e.g., repair and maintenance of real estate, depreciation, personal expenses, professional services, sales promotions, administrative expenses, warranties, sale of corporate assets, investment tax credit, and "other income."

■ Mr. Earnhart has asked for the following additional particulars as to Counts 1–3 (personal tax returns): the amounts alleged as total gross income and as adjusted gross income; the particular items alleged to have been unreported, the amounts alleged to have been unreported, and their source, including when, where, how, for what, and by whom payment was made; the deductions and exemptions allowed or disallowed by the government and their amounts; a description of all corporate expenditures alleged to have been "constructive dividends," including when, where, how, and by whom each payment was made and the benefit alleged to have accrued to Mr. Earnhart as a result; a description of the particular acts of Mr. Earnhart on which the government will rely in its proof; and other information that would help the defendant to understand the government's allegations.

Courts have both granted and denied similar requests for all of the items listed above except for the constructive dividend information,* the particular acts of the defendant, and the catchall request. *See generally* Annotation, *Accused's Right to Bill of Particulars*, 25 A.L.R.Fed. 8, §§ 26–29, § 31. The court will grant the requests for all of the items except the final two, because to do so will "enable the defendant to meet the charges presented against him," which is the purpose of the rule allowing for bills of particulars. *United States v. Anderson*, 254 F.Supp. 177, 180 (W.D.Ark. 1966) (a tax case with extensive discussion of the value of particulars in preventing surprise at trial and as necessary to allow the preparation of an adequate defense, especially where the government intends to use the specific items method of proof). Other representative tax cases in which the court has granted such specific information are *United States v. Hedman*, 458 F.Supp. 1384, 1386 (N.D.Ill.1978); *United States v. Goldstein*, 56 F.R.D. 52, 56 (D.Del.1972); and *United States v. Wheeland*, 25 F.R.D. 481, 482 (M.D.Pa.1960).

■ Mr. Earnhart has asked for the following additional particulars as to Counts 4–8 (corporate tax returns): the particular acts of Mr. Earnhart that allegedly caused the corporation to file a fraudulent return

---

* The constructive dividend request, however, seems similar to the other items listed.

and the particular acts of Mr. Earnhart on which the government will rely in its proof; the particular items alleged to have been disallowable as deductions, including date, amount, and recipient; the particular items alleged to have been unreported from tire sales, including amount, date, buyer, number of tires allegedly sold, and the employees responsible for the sales and the accounting of those sales; the facts on which the government will rely in proving that the deductions for warranties were disallowable, including the employees responsible for the decision to deduct and the accountants consulted by them; and the employees responsible for the deduction for losses on the sale of corporate assets, the amount of consideration for each sale, and the date and method of payment by the defendant for those assets.

The motion will be granted as to the items alleged to have been disallowable as deductions and as to the items alleged to have been unreported from tire sales, for amount and date only. *See generally* Annotation, *Accused's Right to Bill of Particulars,* 25 A.L.R.Fed. 8, §§ 26–29, § 31. The motion will be denied as to all of the other particulars requested.

The government protests that if a bill of particulars is granted, the proof at trial will be restricted to the particulars within the scope of the bill. *See, e.g., United States v. Neff,* 212 F.2d 297, 309 (3d Cir.1954). It hardly seems fair to expect the defense to be able to prepare adequately to meet charges relating to specific items without knowing what those specific items are. At the very least, forcing the government to state now what items are at issue will minimize surprise and delay at trial. In addition, the court does not see how it can prejudice the government's case: either the specific items can be proved to be fraudulent or they cannot be.