### UNITED STATES v. WEXLER et al.

District Court, S. D. New York.
July 17, 1933.

George Z. Medalie, U. S. Atty., of New York City (Thomas E. Dewey, Murray I. Gurfein, and Joseph F. Sharp, all of New York City, of counsel), for the United States.

Charles G. F. Wahle and Abram M. Frumberg, both of New York City, for Wexler.

CAFFEY, District Judge.

The ninth item of the demand was withdrawn.

Upon the other items there was extensive oral argument on July 3. Elaborate briefs were submitted on July 13. I have examined

these and have studied the principal authorities cited. The trial is set for August 7. The motion should therefore be disposed of promptly. If that is to be done, other absorbing court work compels me to refrain from lengthy discussion.

Determination of the issues raised turns partly upon the substantive law and partly upon the law governing procedure. Of the two, primary consideration must be given to the former; only in the light of the former can what, in the court's discretion, is fair with respect to the latter be ascertained.

There is no danger of double jeopardy unless a bill of particulars be ordered. If there be an acquittal of the offense of violating, or of conspiring to violate, 26 U. S. Code, § 2146 (b), 26 USCA § 2146 (b), as now charged in the indictment, without other identifying details being furnished, the defendant will be fully protected against future prosecution for the same crime. Cf. Wong Tai v. United States, 273 U. S. 77, 47 S. Ct. 300, 71 L. Ed. 545.

■ There is no occasion, either in the indictment or by bill of particulars, to define the specific means employed in committing the offense. For that reason the defendant is not entitled to have the details called for by items 5 to 8. United States v. Simmons, 96 U. S. 360, 24 L. Ed. 819; United States v. Miro (C. C. A.) 60 F.(2d) 58. The inclusion in the indictment of more information than is essential does not create or afford a basis for compelling still further information to be given.

■ The defendant earnestly stresses items 1 to 4. He relies chiefly on Singer v. United States, 58 F.(2d) 74 (C. C. A. 3). This court is not bound by that decision. Mast, Foos & Co. v. Stover Manufacturing Co., 177 U. S. 485, 20 S. Ct. 708, 44 L. Ed. 856; Sanitary Refrigerator Co. v. Winters, 280 U. S. 35, 50 S. Ct. 9, 74 L. Ed. 147.

There are grounds, not present in the case at bar, upon which perhaps the Singer Case may be distinguished. If, however, it be not distinguishable on the facts, then I am persuaded (1), with great deference to the court which rendered the opinion, that it is wrong, and (2) that it is at variance with the fundamentals prescribed in the Miro Case, cf. Capone v. United States (C. C. A.) 56 F.(2d) 927, for the contents of an indictment of the type here involved, as well as with other decisions of the Circuit Court of Appeals for this circuit, which I am obligated to follow. Indeed, as I analyze the indictment, it seems to

me that the government could not comply with the demands as framed without injurious disclosure of its evidence. It is without dispute that a revelation of that character should not be required. Horowitz v. United States (C. C. A.) 262 F. 48. Moreover, as already pointed out, the voluntary incorporation in an indictment of more than is needed plainly cannot create a sufficient basis for compelling the statement in a bill of particulars of additional matter or the like elaboration of surplusage.

I do not concur in the inferences of the defendant (mentioned in his briefs) from the statements of the United States attorney at the oral argument, as set out in the stenographic minutes. So far from denial of the motion constituting an abuse of discretion, my feeling is that granting it would be an abuse of discretion.

I think the indictment, adequately and with reasonable certainty, apprises the defendant of the nature of the accusation against him.

Motion denied.