## UNITED STATES v. EMPIRE STATE PAPER CORPORATION et al.

## SAME v. SELTZER.

## SAME v. GOLDBERG.

District Court, S. D. New York.

Oct. 8, 1934.

Martin Conboy, U. S. Atty., and John Jerome Manning, Asst. U. S. Atty., both of New York City.

Samuel M. Ostroff and Harry G. Herman, both of New York City, for defendants.

KENNEDY, District Judge of Wyoming, sitting in the Southern District of New York.

The above-entitled causes are before the court upon motions filed in behalf of the defendants for bills of particulars. The indictments being similar and involving similar issues, the motions have been consolidated for the hearing and have been orally argued. Briefs have been filed by counsel.

The indictments are brought under the Revenue Acts and charge the defendants with attempting to evade and defeat income taxes for the years 1929 and 1930. The individual defendants were principal officers of the defendant corporation, and are accused with having made false returns in regard to the income of the corporation and likewise false returns for themselves during the years in controversy.

The lack of time and facilities will not permit a lengthy discussion of the views which this court holds upon the points involved. Stated briefly, the indictments set forth the returns of the defendants for the years involved and then allege that these returns were incorrect. The indictment then purports to set forth gross figures in connection with different items which it is alleged are the proper and correct figures representing income, inventories, merchandise bought, and so forth, together with certain figures representing deductions. It was developed upon the oral argument that the government had been in possession of the books of the defendants for some time, and that the analysis of these books respecting income had been carried on by government expert accountants. The difficulty of the defendants in their defense appears to have arisen from the fact that the figures set forth in the indictment as going to make up the true income of the defendants were not to be reconciled with the books of the defendants to which they always have since had access. Counsel for the government admit that the compilations which appear in the indictment are not made up of figures which are taken from the books of the defendants. The defendants are, therefore, in the more or less difficult situation of being confronted with aggregate amounts set forth in the indictment alleged to represent income and deductions from which a true return should have been made without knowing in advance of a trial what details have been used by the government expert accountants in making up these gross figures. As it appears to me, this will be a situation most embarrassing to the defendants upon the trial, and in addition placing them in a position of lacking entire opportunity to prepare defenses for the charges embodied in the indictments as to sources of receipts and expenditures with which under the statement of counsel for the government they may be entirely unfamiliar.

We, of course, start with the principle in mind that the defendants are presumed to be innocent, and therefore presumptively they know nothing of the revised figures which the government has used in its alleged computation of true income. A failure on the part of the court to grant the relief here sought would probably cause delays when the cases are brought to trial on account of the surprise testimony offered in support of the revised computation figures of the government experts. Such a situation in my opinion does not add to the fair administration of justice. There has been no intimation to the court that the defendants in this case come within the class of gangsters or racketeers which in some instances might justify the court in the interest of the public welfare to refrain from giving the details of transactions relied upon by the government in advance of the trial.

Counsel have cited cases in support of their respective contentions in the attempt to establish general rules which should guide the action of this court in the premises. An examination of these cases, however, does not greatly aid the court in arriving at a satisfactory conclusion, for the reason that facts and circumstances in cases of this character vary greatly, and in the end one must conclude that such a case must be considered and determined largely upon its own individual facts and circumstances. The court's conclusion, however, appears to be sustained in a case from the Third circuit, Singer v. United States (C. C. A.) 58 F.(2d) 74.

The indictments contain conspiracy counts based upon the same facts set forth in the substantive counts, and therefore come within the same rule.

The court has in mind, from observation and experience in income tax cases, that the figures of expert accountants even from the same department often vary greatly in conclusions arrived at, so that it is frequently most difficult for the taxpayer not skilled in the art of expert accountancy to ascertain what a specific charge, either civil or criminal, may be on the part of the government. If the government is in possession of figures derived from sources which are reliable, tending to show that defendants have manipulated income tax returns for the purpose of defeating and defrauding the government, such

charges are ordinarily not weakened by making them specific in advance of a trial. It may be that defendants are fully aware of the discrepancies and the falsity of their returns, but there is nothing before the court at this time which would justify this conclusion.

The conclusion is that the motions to furnish bills of particulars to the several indictments will be sustained, and an order may be entered accordingly directing the government to furnish to the defendants or their counsel such bills of particulars as have been generally outlined in the motions on or before 15 days from the date hereof, reserving to the government its proper exceptions.