### UNITED STATES v. GORMAN.
#### Cr. No. 40708.

District Court, E. D. New York.

Sept. 25, 1945.

---

T. Vincent Quinn, U. S. Atty., of Brooklyn, N. Y. (James D. Saver, Asst. U. S. Atty., of Brooklyn, N. Y., and Howard G. Campbell, Sp. Asst. to Atty. Gen., of counsel), for plaintiff.

Corbin & Bennett, of New York City, for defendant.

BYERS, District Judge.

Motion for bill of particulars addressed to indictment containing one count, which alleges that the defendant, as to his income and victory tax for the calendar year 1943, attempted to evade a large portion thereof by filing a false and fraudulent return wherein he stated that his net income for said calendar year was $26,654 and that the tax due and owing thereon was $10,961.55, whereas in truth his net income for that year was the sum of $1,047,511, as follows:

"Gross Income:

| | | |
|---|---|---|
| Salaries, etc., net......... | $ | 5,050 |
| Capital gain ............. | | 1,250 |
| Other income ........... | | 1,044,007 |

"Deductions:

| | | |
|---|---|---|
| Contributions ..:... | $1,500 | |
| Interest .......... | 250 | |
| Taxes ............ | 626 | |
| Other deductions.. | 420 | 2,796 |

| | |
|---|---|
| "Net Income .......... | $1,047,511" |

That upon the said net income he owed the United States of America $946,706; that the true facts were concealed from the United States in violation of law.

The specifications demanded by the defendant are as follows:

"1. State in detail the items of income making up the item of $1,044,007. of 'other income' set forth in the indictment.

"2. As to each of such items of other income, state when it is claimed the same was received by or paid to the defendant.

"3. As to each of such items of other income, state by whom it is claimed the same was paid to the defendant.

"4. As to each of such items of other income, state where it is claimed that the same was paid to the defendant.

"5. As to each of such items of other income, state the manner in which it is claimed payment was made, whether by cash, by check, by goods, services or other means.

"6. As to each of such items of other income, state what the transaction was by reason of which it is claimed that such other income was received by him, whether he bought or sold merchandise, or performed, or agreed to perform, work, labor and services."

In connection therewith the defendant makes an affidavit to the effect that he does not know how the government arrives at the figures above quoted, and that he correctly reported his income, and that he is advised that in order to prepare for trial "we should be advised by the government of the transactions which it claims I had resulting in such other income, of the sources from which it is claimed I derived such other income, and of the time and place of payment of such alleged other income. This information I am unable to furnish to my attorneys, since I do not know what the government's claim is as to such other income."

The defendant's chief reliance is upon the case of Singer v. United States, 58 F.2d 74, where a conviction in such a case was reversed by the Third Circuit Court of Appeals, and apparently one reason that contributed to that result was the denial of a motion in the District·Court for a bill of particulars of the items constituting "other income".

Other cases approving of the granting of such motions are: Rose v. United States, 10 Cir., 128 F.2d 622, at page 624; United States v. Empire State Paper Corporation et al., D.C., 8 F.Supp. 220; United States v. Farrington, D.C., 11 F.Supp. 215; United States v. Yoffe, D.C., 52 F.Supp. 175, at page 177. Contra: United States v. Wexler, D.C., 6 F.Supp. 258.

The ruling on this subject was not commented upon on the appeal from conviction, reported in United States v. Wexler, 2 Cir., 79 F.2d 526.

In the decision of the motion in the Wexler case, reference was made to United States v. Miro, 2 Cir., 60 F.2d 58, at page 60, also an income tax case, in which the Court remarked: "In revenue offenses, the particular means need not be alleged in the indictment. United States v. Simmons, 96 U.S. 360, 24 L.Ed. 819."

In the Wexler case, the indictment alleged that the defendants "were engaged in the enterprise of manufacturing, selling, and distributing beverages and in enterprises related and incidental thereto", and the opinion says: "* * * and the indictment set forth various figures representing income from enterprise of manufacturing, selling, and distributing beverages and related enterprises, and expense allowable in operation of the enterprises." To that extent the indictment directed attention to the source from which the defendant was said to have derived the income concerning which he evaded the payment of tax.

The present indictment is not so specific, since it refers merely to "Other income $1,044,007". Conceivably that could have been derived from dividends, interest on bonds, bank deposits, mortgages, etc., annuities, rents and royalties, operation of a business, or the income from partnerships or fiduciaries, and it would seem reasonable, in order that the defendant may concentrate his efforts in the preparation for trial, to require that the government shall indicate the source or sources, according to its information, of the alleged unreported income.

To that extent the motion is granted, but this does not mean that the items need be stated in accordance with the tabulated demands above quoted, nor the dates when received or paid to the defendant (since the year 1943 alone is involved), nor the agency of payment (unless a fiduciary was the source), or the place or the medium of payment, or the nature of the transaction, except as it may be revealed by the requirement above stated.

Settle order.