**UNITED STATES v. KELLY.**

No. 17657.

United States District Court
W. D. Missouri, W. D.

May 5, 1950.

———◇———

Wm. Aull III, Lexington, Mo., and Harry F. Murphy, Assistant U. S. Attorneys, of the office of Sam M. Wear, U. S. Attorney, Kansas City, Mo., for plaintiff.

W. K. Gibson, Sedalia, for defendant.

REEVES, Chief Judge.

The defendant seeks a bill of particulars in each of the three counts in the indictment. The first count covering the calendar year 1943, the second count the calendar year 1944, and the third count the calendar year 1945. The following is the pertinent language of the first count: "That on or about the 9th day of March, 1944 * * *, George G. Kelly * * * did willfully and knowingly attempt to defeat and evade a large part of the income and victory tax due and owing by him to the United States of America for the calendar year, 1943, by filing and causing to be filed with the Collector of Internal Revenue * * * a false and fraudulent income and victory tax return wherein he stated that his net income for said calendar year was the sum of $5,017.42 and that the amount of income and victory tax due and owing thereon was the sum of $890.46, whereas, as he then and there well knew, his net income for the said calendar year was the sum of $33,855.33, upon which said net income he owed to the United States of America an income and victory tax of $15,621.72." Practically identical language is employed in the other two counts save only there is a variation as to the amounts. It was upon this language that the defendant, through his counsel, has filed an application for a bill of particulars and now strenuously urges his right to have said application granted.

On each count, the defendant asks that the government be required to state:

"a— * * * the nature or kind of each item claimed by it as making up the total gross income claimed to have been received by the defendant * * *."

"b— * * * the source of each income item claimed by it to make up the total gross income claimed to have been received by the defendant * * *.

"c— * * * the amount of each item claimed by it as making up the total gross income claimed to have been received by the defendant, * * *.

"d— * * * the type and amount of each deduction against the claimed total gross income of the defendant, allowed in computing the alleged net income of the defendant * * *.

"e— * * * the type and amount of each deduction against the claimed total gross income of the defendant, disallowed in computing the alleged net income of the defendant * * *.

"f— If the total gross income claimed to have been received by the defendant * * * is partly made up of gross items from businesses other than the grocery and liquor store of defendant at Martin City, Missouri, stating the type and amount of each deduction, and deduction dis-allowed, against such gross items.

"g— * * * whether or not the amount of each item making up the total gross income claimed to have been received by the defendant * * * was made up from figures taken from the books of the defendant, or from some other source or sources or a combination of such books and other sources.

"h— If the amount of the total gross income claimed to have been received by the defendant * * * is partly made up of items from sources other than the books of the defendant, stating the nature and amounts of each claimed to have been received by the defendant."

As indicated, identical demands for a bill of particulars is made in relation to each of the three counts.

1. Under the new Federal Rules of Criminal Procedure and by paragraph (c) of Rule 7, 18 U.S.C.A.: "The indictment * * * shall be a plain, concise and definite written statement of the *essential facts* (emphasis mine) constituting the offense charged."

By paragraph (f) of said Rule it is provided that: "The court for cause may direct the filing of a bill of particulars."

The bill of particulars, as is well known, in legal effect is a more specific statement of details of offenses charged and is designed to advise the court, and more particularly, the defendant, of what facts he will be required to meet. See Vol. 5 Words and Phrases, Perm.Ed., p. 495.

The only question, therefore, is whether the government should be required to supply a part or all of the particulars sought by the defendant.

■ 2. In the rather recent case of Himmelfarb v. United States, 175 F.2d 924, loc. cit. 935, the Court of Appeals for the 9th Circuit, in denying the application for a bill of particulars, differentiated the case of Singer v. United States, 3 Cir., 58 F.2d 74, where it was held error in denying an application for a bill of particulars, but the court said: "The indictments clearly informed appellants of the annual amount of income on account of which taxes were allegedly evaded; *and the figures given were intelligibly broken down.* (Emphasis mine.) Appellants had their records in their possession and were in position to analyze the general allegations of the bill."

The court further said: "The granting or denial of a bill of particulars is in the sound discretion of the trial court, * *."

Adverting to Maxfield v. United States, 9 Cir., 152 F.2d 593, cited in the Himmelfarb case, it may be gleaned from the opinion that the indictment contained an appropriate schedule of gross income and deductions justifying the contention of the government that the net income was greater than that stated by the defendant in his income tax return. A bill of particulars was denied in the case of United States v. Hall, D.C., 52 F.Supp. 796, loc. cit. 797. In doing so, however, the court said: "The indictment sets forth the items and amounts which the government claims go to make up the true income of the defendant for each of the years in question. The defendant is put upon notice as to the nature, amount, and source of each of the items of income which the government claims were received by him during the calendar years in question, the tax upon which he is accused of wilfully attempting to evade."

It will be noted that in this indictment the claimed net income alone is set forth and neither count contains a schedule of income and disbursement so as to justify the net income claimed by the government.

■ In the case of United States v. Kushner, 2 Cir., 135 F.2d 668, 673, cited by counsel for the government, the bill of particulars was denied and such denial by the trial court was upheld on appeal. In describing the application for a bill of particulars, the court said: "Actually, also, the bill partook more of the nature of a fishing expedition than of a reasonable request for information upon the part of one who denied all knowledge of or participation in the importation of any gold bullion. *It unreasonably sought detailed information on such points as appellant's activities in financing, receiving, and concealing the imported gold, the value of the gold, its chemical analysis, any marks of identification on it, and the contents of appellant's lost records.* (Emphasis mine.) Appellant was not entitled to know the Government's case in advance, and the district court did not abuse its discretion in denying the motion." It will be seen, however, that the information sought in the Kushner case was far different from that sought in this case.

In Glackman v. United States, 8 Cir., 80 F.2d 394, 397, the first count of the indictment set out in detail the income of the accused and how it was derived. After computing the total income the indictment then based the charge upon failure to pay an income tax upon the net income after deductions. Even with this information the defendant sought a bill of particulars. The application was granted and the district attorney supplied or presented "in great detail an itemized list of all the deposits made in Gleckman's accounts at the two banks during the years 1929 and 1930 and explained that the government had been able to ascertain that some deposits made by Mr. Gleckman during these years did not represent income and were, therefore, eliminated."

The court further commented, 80 F.2d loc. cit. 399: "It may be conceded also that the bare fact, standing alone, that a man has deposited a sum of money in a bank would not prove that he owed income tax on the amount; nor would the bare fact that he received and cashed a check for a large amount, in and of itself, suffice to establish that income tax was due on account of it."

■ In the case of United States v Skidmore, 7 Cir., 123 F.2d 604, loc. cit. 607,

194

the court said in discussing a bill of particulars: "To each of these indictments appellant moved for a bill of particulars, which the court denied. In all material instances he called for calculations based upon appellant's books of account which were in his own possession. From these it would seem clear that he could easily calculate his receipts and expenditures and thus ascertain the true amount, if any, for which he was liable for taxation. * * * The general rule is that particulars such as these will not be furnished when the one seeking them is in possession of the means of ascertaining them. Moreover, in case of such motions the court is clothed with considerable discretion in making its orders. We think that discretion was not abused in this case."

3. Treating the above authorities as postulates from which a proper decision might be rendered in this case, it is to be noted from the briefs of counsel for the government that: "The defendant was engaged not only in the liquor and grocery business, but also in farming activities, real estate speculation, and rental of real estate. The defendant failed to present accurate and complete books and records covering all of these business activities for inspection by examining officers of the Bureau of Internal Revenue at the time of their investigation of the defendant's returns for the years involved. Due to the incompleteness of the defendant's books of accounting and records regarding all of these business activities, the examining officers, pursuant to Section 41 of the Internal Revenue Code, to determine the taxable income of the defendant for the years covered by the indictment, were compelled to resort to the records of various banks in which the defendant had made deposits or had otherwise transacted business, plus expenditures evidenced by his returns or acknowledged by him."

■ It was of course proper for the government to obtain information in this way and the courts have upheld such procedure and, as noted, the evidence thus obtained is competent. However, this is information that may or may not have been available to the defendant. Apparently his books did not disclose these facts. Under such circumstances and from an examination of all of the authorities the obligation is upon the government, either in the indictment or by a bill of particulars, to inform the defendant concerning the facts employed by it as a basis for a charge that the defendant had evaded or attempted to evade his income tax.

■ 4. The defendant, however, is not entitled to all of the information sought in the motion. Under paragraph "a", the government should state the nature or kind of each item claimed by it as making up the total gross income for the year in question. This information would answer for paragraphs "b" and "c" of the motion. In answer to paragraph "d" of the motion the government should give the type and amount of each deduction against the claimed total gross income of the defendant for each of the years in question; and this information would suffice for paragraph "e". Moreover, the answers to the above would also answer for paragraphs "f", "g" and "h" of the motion.

■ Undoubtedly the defendant knows what his own books show, and the government therefore should not be put to the trouble of telling him what his books show with respect to the amounts scheduled by the government. With the foregoing modifications of the request for a bill of particulars, the application will be sustained.