**UNITED STATES v. KING.**
**Cr. No. 31397.**

United States District Court
N. D. New York.
July 27, 1954.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., Charles J. Miller, Asst. U. S. Atty., Syracuse, N. Y., of counsel, for U. S.

Casey & Honikel, Albany, N. Y., for defendant.

FOLEY, District Judge.

The defendant moves pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., for a bill of particulars. The particulars are requested in two items set forth in the notice of motion, which is supported by the affidavit of the defendant. The request contained in item "1" is much too broad and is denied.

The defendant is indicted on four counts of alleged income tax evasion, each year of such accusation being embodied in a separate count. The counts are set forth in each instance with the

---

amount of income that was reported, and the tax paid thereon, as contrasted with the true income that the government charges should have been stated and the true income tax that should have been paid for the particular year. Each count contains no further detail, nor is there any breakdown or itemization of the income that the government charges should have been reported and stated in the income tax return.

■ Income tax evasion cases are a special breed of their own. In reading the authorities, it does not seem to me that the courts have been as stringent in the consideration of demands for particulars in this type of criminal proceeding as the government urges in its brief. A dogmatic approach to applications of this type would render the criminal rule on bills of particulars mere surplusage, and would allow an "iron curtain" to drop between a skeleton indictment and the defendant thereby charged. Recent cases have held that a defendant is entitled to know the theory upon which the government will proceed. United States v. Chapman, 7 Cir., 168 F.2d 997, 999; United States v. Caserta, 3 Cir., 199 F. 2d 905, 910; Remmer v. United States, 9 Cir., 205 F.2d 277, 282. Although this reasoning is from other courts of appeals than the second circuit, the reasoning, to me, is persuasive, sound and fair, both to the government and to the defendant. The government may proceed under both theories and so particularize, if that is the situation, i. e., the net worth theory and specific, omitted income theory. Mitchell v. United States, 8 Cir., 208 F.2d 854; certiorari denied 347 U.S. 1012, 74 S.Ct. 863.

In several of the authorities relied on by the government, apparently there was much more detail contained in the indictment than we have here. In United States v. Hall, D.C., 52 F.Supp. 796, 797, Judge Smith stated: "The indictment sets forth the *items and amounts* which the government claims go to make up the true income of the defendant for each of the years in question. The defendant is put upon notice as to the *nature, amount,* and *source* of each of the items of income which the government claims were received by him during the calendar years in question, the tax upon which he is accused of wilfully attempting to evade. * * * Furthermore, the itemization is sufficient notice of the charges against which he must prepare his defense." (Italics mine.) The indictment in United States v. Gorman, D.C., 62 F.Supp. 347, contained the same itemization, and this case analyzes the situation in United States v. Wexler, D.C., 6 F.Supp. 258, affirmed, 2 Cir., 79 F.2d 526, to show that the source of income was detailed to some extent in the indictment. See also Singer v. United States, 3 Cir., 58 F.2d 74; United States v. Empire State Paper Corp., D.C., 8 F.Supp. 220; United States v. Hall, D.C., 52 F.Supp. 798. In the district court, Chief Judge Brennan granted to an individual defendant a detailed list of items which the government claimed were not entered upon the corporate books, and omitted from the income tax returns. United States v. Smith, D.C.N.D.N.Y., 16 F.R.D. 180.

■ The motion is granted to the extent that the government shall furnish a bill of particulars stating whether the theory of the prosecution be the net worth theory, or is based upon unreported income. If it be the net worth theory, it would seem the defendant is entitled to no more. United States v. Caserta, supra; United States v. Chapman, supra; Remmer v. United States, supra. If the theory of the prosecution be the unreported income theory, it would seem proper there be furnished the items and amounts which the government claims go to make up the true income for the years in question. United States v. Hall, supra; United States v. Gorman, supra. The motion is granted to the extent indicated, and otherwise denied.

It is ordered accordingly.