**UNITED STATES v. WITBECK.**

**UNITED STATES**

**v.**

**WITBECK et al.**

**Cr. Nos. 31414, 31415.**

United States District Court
N. D. New York.

July 28, 1954.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., for U. S.

Eugene J. Steiner, Albany, N. Y., for defendants.

FOLEY, District Judge.

Defendant, William C. Witbeck, is indicted upon three counts for alleged income tax evasion, involving his personal liability for such tax. He is also indicted as the President of Dorp Motors, Inc., together with William H. Witbeck, the Vice-President thereof, and David L. Reynolds, the accountant, for aiding and abetting the filing of an alleged fraudulent return on behalf of the corporation. Each indictment covers the years 1947 through 1949, and each count of the indictments is the short form, merely alleging the net income reported and setting forth the true net income, which should have been reported. Separate motions for itemized particulars are made in behalf of William C. Witbeck, individually, and in behalf of of the two Witbecks as officers. The motions have been briefed together and shall be discussed and disposed of in this decision.

In a memorandum decision dated July 27, 1954, United States v. King, D.C., 16 F.R.D. 124, I have discussed quite fully my understanding in applications

of this kind for particulars where alleged income tax evasion is charged in counts of an indictmnt without any elaboration or detail. Apparently, we do not have the problem as to whether the government will proceed upon the net worth theory or unreported income theory, as in the King case. If such situation be present, my reasoning here would be the same and would be based upon the same authorities. United States v. Chapman, 7 Cir., 168 F.2d 997, 999; United States v. Caserta, 3 Cir., 199 F.2d 905, 910; Remmer v. United States, 9 Cir., 205 F.2d 277, 282.

The government in opposition to these applications seems to lose sight of the fact that in the cases where particulars were denied, the indictment itself contained the essential details of itemization of amount and identification of sources of income. United States v. Wexler, D.C., 6 F.Supp. 258. In Singer v. United States, 3 Cir., 58 F.2d 74, there was reversal because the District Court did not allow particulars as to items which had been set forth in the indictment to aggregate the alleged income of the defendant.

There are three authorities, in my judgment, close to the situation we have here which are particularly well reasoned: United States v. Empire State Paper Corporation, D.C., 8 F.Supp. 220; United States v. Hall, D.C., 52 F.Supp. 798; United States v. Gorman, D.C., 62 F.Supp. 347. The Empire State Paper Corporation case is applicable because of the contention of the defendants here that they only seek information as to alleged transactions not contained in their books and records nor otherwise known to them, or information that their books and records are false. The Hall case, 52 F.Supp. 798, is parallel because of the directed breakdown of certain items and the particularization of allowable deductions. A sensible approach to a similar situation is outlined in the Gorman case, 62 F.Supp. at page 348, stating: "The present indictment is not so specific, since it refers merely to 'other income $1,044,007'. Conceivably that could have been derived from dividends, interest on bonds, bank deposits, mortgages, etc., annuities, rents and royalties, operation of a business, or the income from partnerships or fiduciaries, and it would seem reasonable, in order that the defendant may concentrate his efforts in the preparation for trial, to require that the government shall indicate the source or sources, according to its information, of the alleged unreported income."

In accord with the reasoning in these authorities, it seems sufficient for the purpose requested to direct the government to furnish a bill of particulars as to items 1, 2 and 4, requested in behalf of William C. Witbeck and William H. Witbeck, as officers of the corporation involved. Particulars requested as to items 1, 4 and 6 are directed to be furnished as set forth in the notice of motion filed in behalf of William C. Witbeck individually. The motions are granted only to this extent, and otherwise denied.

It is so ordered.