**UNITED STATES of America,**
**v.**
**Joseph PROFACI, Defendant.**
**Cr. No. 43302.**

United States District Court,
E. D. New York.

Sept. 20, 1954.

Brenner, Hannon & Murphy, New York City, for defendant.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., Richard C. Packard, Asst. U. S. Atty., New York City, for the Government.

**142**

RAYFIEL, District Judge.

The defendant has moved (1) to suppress the use as evidence of all books, records and papers of the defendant and three certain corporations whose capital stock he owns or controls, and all information acquired therefrom or thereby on the ground that the obtainment thereof was violative of his rights under the 4th and 5th Amendments of the Constitution of the United States, and (2) to dismiss the indictment returned against him on September 11, 1953, charging him with wilfully attempting to evade the payment of part of his income taxes for the years 1946 to 1949, inclusive. He has further requested that a hearing be held for the purpose of determining whether the evidence claimed by him to have been illegally obtained was presented to the Grand Jury which returned the indictment against him.

His claim is that at divers times in 1951 special agents of the Department of Internal Revenue, without disclosing their identity as such, came to his place of business, examined his books, files and records without his consent, and obtained therefrom or thereby evidence which was used against him in a criminal prosecution.

He states further that in December, 1952, the Commissioner of Internal Revenue filed jeopardy assessments against him, and, in furtherance thereof, seized his business and that of the aforesaid corporations, and took into his possession, custody and control the books, records, papers and other evidence relevant to income taxes of the defendant and said corporations; that thereafter, on the petition of the United States, a receiver was appointed of all the property of the defendant and his said corporations, together with their books, files and records; that the latter were then possessed by the Commissioner of Internal Revenue, who caused them to be removed to his office, where they were examined, copied and used. Further, that during the ten months intervening between the seizure of the books and records, as aforesaid, and the return of the indictment herein, they were or were made available to the Government agents, and were used by them without the defendant's consent to secure the evidence resulting in the said indictment.

In opposition to the defendant's motion the Government submits the affidavits of three employees of the Bureau of Internal Revenue. One, by Samuel Abramowitz, a revenue agent, states that during the period in 1951 when the defendant claims special agents were examining his and his corporations' books, he, Abramowitz, and one Gitomer, another revenue agent, were conducting an investigation into the defendant's tax liability; that they were the only agents engaged in such investigation, which was merely a continuation of a routine examination previously made by other revenue agents, and involved returns for the years 1944 to 1949, inclusive. He denies categorically that he gave any assurances or that there was any basis for the claim that the information obtained from the books and records would not be used in a criminal prosecution; further, that he and Gitomer had received the defendant's express permission to examine the books and records, which were in the custody and control of one Rinaldi, manager of said corporations, and were kept in the corporate offices, separate and apart from those of the defendant. Gitomer, in his affidavit, substantially corroborates Abramowitz.

The third affidavit, made by Morris J. Rosenfeld, Executive Assistant to the Assistant Regional Commissioner, states that he was present at the offices of the defendant and his corporations on the occasion in December, 1952, referred to by the defendant; that he directed the operations of the Government agents during the execution of the distraint against the defendant and said corporations; that the same was conducted pursuant to and in conformity with the provisions of the statute, Title 26 United States Code; and that the defendant was permitted, in fact, invited to and did

remove from the premises such books, records and writings as he considered personal.

The Government has also submitted the affidavit of special agent Eugene F. Coyle, from which it appears that the latter was engaged in a fraud investigation of the defendant's income tax returns. Coyle states, however, that the basis of his investigation was information obtained by him during his examination of the *tax returns* of the defendant and his corporations, and that such examination was not "motivated, directly or indirectly, by any activities, *findings or reports of the revenue agents.*" (emphasis added) He states further that never during his participation in the fraud investigation did he visit the offices of the defendant or his corporations, where the books and records in question were kept, until about December, 1952, long after he had concluded his investigation.

■ It is the defendant's burden to offer evidence to support his claim that the seizure and examination of the books and records in question violated his constitutional rights. There is no proof that the security and privacy of his offices were invaded or violated; or that stealth, guile or artifice was employed by the Government agents in connection with their examination of the books and records. In fact, the defendant states in his affidavit, (although he was not then referring to the allegedly illegal seizure and examination,) that he "had a working arrangement with the Internal Revenue Bureau providing for an inspection of his books and records by the revenue agents for the purpose of determining the correctness of his accounting in the making and filing of income tax returns" for himself and his corporations.

The statement in the defendant's affidavit that he "believes and therefore asserts that the indictment is the result of improper and illegal evidence being presented to the Grand Jury" falls far short of the proof required to substantiate his claims.

The defendant has failed to submit any proof to support his request for a hearing of the charges made in his moving papers, quite apart from which it would be unduly burdensome for the Court to read the transcript of the testimony presented to the Grand Jury to ascertain whether allegedly illegal testimony was presented to it.

Accordingly, the motion is in all respects denied, without prejudice, however, to the renewal thereof before the trial judge, who, after hearing the testimony of those persons involved in the examination and seizure of the books, will be in a better position to determine the matters presented on this motion.

Settle order on notice.

On Motion to Dismiss

RAYFIEL, District Judge.

The indictment herein, containing four counts, charges the defendant with wilfully and knowingly attempting to evade the payment of income taxes for the years 1946 to 1949, inclusive.

He has moved for an order dismissing the indictment on the ground that it is unsupported by sufficient or competent evidence, and in connection therewith, for a further order permitting the defendant to inspect the minutes of the testimony before the Grand Jury, or, in the alternative, that the Court inspect the same, for the purpose of determining the legality and sufficiency thereof.

■■ The affidavit of the defendant is the only paper submitted in support of the application, and it fails utterly to show that the evidence submitted to the Grand Jury was illegal, incompetent or insufficient. In substance, it is merely a denial of the charges made in the indictment.

■ Applications for leave to inspect Grand Jury Minutes are rarely granted, and then only under the most persuasive and compelling circumstances. See U. S. v. Costello, D.C., 119 F.Supp. 159.

It would be impractical and unduly burdensome for the Court to inspect the

minutes for the purpose of passing upon the legality, competency and sufficiency of the evidence presented to the Grand Jury.

Accordingly, the motion is in all respects denied.

## On Motion for Bill of Particulars

RAYFIEL, District Judge.

On October 20, 1953, the defendant moved for a bill of particulars of the indictment herein, requesting the Government to furnish in detail certain information specifically referred to in the notice of motion. Shortly thereafter there was a substitution of attorneys for the defendant, after which an amended notice of motion, undated, was served upon the United States Attorney, containing demands largely repetitious of those made in the original notice, in addition to the request that the Government state whether the indictment is based on "net worth" statements.

The defendant seeks also to ascertain whether the charges made in the indictment involve specific items of income which the defendant failed to report, or items of deduction made by him which were disallowed, or both. If so, defendant asks for a list showing the dates and amounts thereof, and, in the case of income, whether they were received by check, or in cash, securities, goods or services. The remaining demands made in the original and amended notices of motion are without merit.

The indictment contains four counts, each charging the defendant with wilfully and knowingly attempting to evade the payment of his income tax for a specific year. Except for the amount of the alleged attempted evasion and the year involved, the several counts of the indictment are similar.

The defendant contends that the language of the indictment lacks the particularity necessary to permit him to properly prepare his defense, and claims that he is entitled to know the theory or theories, hereinabove referred to, on which the Government will proceed in presenting its case.

Of the papers submitted by the Government in opposition to the application only the affidavit of Moe Leifer is addressed to the gravamen of the defendant's claim, and the first paragraph of page 2 of his affidavit, and the concluding paragraph thereof, appear to support rather than furnish opposition to the same.

The Government's chief contention is that the defendant has had full access to the books and records of the corporations owned and controlled by him, the assets of which, incidentally, are now in the hands of a receiver. Absent knowledge of the theory under which the Government intends to proceed such access would probably not provide him with a solution of the problem with which he will be confronted in preparing his defense.

He is entitled to know, for instance, whether the Government, in presenting its case, will proceed in whole or in part on the "net worth" theory. He is entitled to know, also, whether the Government will contend that the defendant failed to report specific items of income for the tax years involved in the indictment. If that should be so, and the number of such items is not large, the defendant should have a statement of the dates and amounts thereof; if numerous, he should have a list thereof, set up in classes, sources or categories, such as, but not necessarily limited to rents, dividends, mortgage payments, interest and partnership income.

Accordingly, the Government will provide the defendant with the information referred to in the next preceding paragraph hereof, with which exception the defendant's motion is denied. See Singer v. U. S., 3 Cir., 58 F.2d 74; U. S. v. Gorman, D.C., 62 F.Supp. 347.

Settle order on notice.