**UNITED STATES of America, Plaintiff,**

**v.**

**Frank G. WELLS, Defendant. Cr. No. 7738.**

United States District Court, D. Minnesota, Third Division.

Jan. 31, 1955.

George E. MacKinnon, U. S. Atty., Alex Dim, Asst. U. S. Atty., St. Paul., Minn., for plaintiff.

Richard A. Moore and Faricy, Moore & Costello, St. Paul, Minn., for defendant.

DONOVAN, District Judge.

The above matter came before the undersigned, one of the judges of the above-named Court, at a Special Term thereof, held in the City of St. Paul, Minnesota, on motion of the defendant for a Bill of Particulars, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

The defendant herein was charged by Information, consisting of two counts, with wilfully and knowingly attempting to evade and defeat a large part of the income tax due and owing by him for the calendar years 1948 and 1949. Both counts set forth the amount of net income reported and the tax paid thereon, as contrasted with the net income the government charged should have been stated and the correct income tax it claims should have been paid. No further breakdown is stated.

The defendant thereupon filed a motion for Bill of Particulars, which mo-

tion is now before this Court. In response thereto the government voluntarily disclosed that it does not rely on the net worth method of determining income, and that both the gross and the net income of the defendant were allegedly understated for the years in question. The government takes the position that to disclose further information would be to disclose its evidence, whereas defendant takes the position that he is entitled to an itemization in order to properly prepare and defend his case.

█ My reading of the decisions brings me to the conclusion that the defendant is entitled to a Bill of Particulars and we are disposed to grant his motion in its entirety. In this type of income tax case it is now apparently the law that where the prosecution is based on the unreported income theory, the defendant is entitled to know the items and amounts which the government claims make up the true income for the years in question.

The cases relied upon by the government are not in point, because the indictments in those cases contained the essential details of itemization of amounts and identification of sources of income.[1]

█ A motion for a Bill of Particulars is addressed to the sound discretion of the Court. In this case the Court believes that the plaintiff will not be prejudiced by a full disclosure of the facts. Either the defendant is, or he is not guilty of the charges, as shown by the facts. In the interests of justice, therefore, he should have a full opportunity to prepare his defense. In that regard I find the language of the Court in United States v. Empire State Paper Corporation, D.C.N.Y., 8 F.Supp. 220, 221, helpful, although admittedly the case is distinguishable on its facts:

"* * * There has been no intimation to the court that the defendants in this case come within

---

1. The cases are collected in Prentice-Hall Federal Tax Report Bulletin. See particularly U. S. v. King, D.C.N.Y.1954, 16 F.R.D. 124; U. S. v. Witbeck, D.C.N.Y. 1954, 122 F.Supp. 717.

the class of gangsters or racketeers which in some instances might justify the court in the interest of the public welfare to refrain from giving the details of transactions relied upon by the government in advance of the trial.

\* \* \* \* \* \*

" \* \* \* If the government is in possession of figures derived from sources which are reliable, tending to show that defendants have manipulated income tax returns for the purpose of defeating and defrauding the government, such charges are ordinarily not weakened by making them specific in advance of a trial. It may be that defendants are fully aware of the discrepancies and the falsity of their returns, but there is nothing before the court at this time which would justify this conclusion."

The motion of the defendant, therefore, is granted. The plaintiff, however, having already disclosed its theory of the case, need not answer interrogatories 12 and 24.

Plaintiff is allowed an exception.