UNITED STATES of America,
Plaintiff,

v.

Sidney A. BRODSON, Defendant.

Cr. U. 187.

United States District Court
E. D. Wisconsin.

Aug. 4, 1955.

Edward G. Minor, U. S. Atty., Milwaukee, Wis., for plaintiff.

Paul P. Lipton, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This indictment contains three counts. The first alleges that for the calendar year 1948 defendant did wilfully and knowingly attempt to defeat and evade a large part of income tax due and owing by filing or causing to be filed a false and fraudulent tax return in violation of Section 145(b) of the Internal Revenue Code, Section 145(b), Title 26 U.S.C. This count charges that in the return filed it was stated that the net income for the year 1948 was $31,275.17 and that the tax owing thereon was $7,571.74; that the defendant then and there well knew that the net income for said calendar year was the sum of $50,143.73 upon which there was due a tax of $16,341.02.

The second count charges with reference to the year 1949 that the return stated a net income of $44,326.49 and the tax due and owing thereon was $13,111.64, and further charges that the defendant then and there knew that the net income for that year was $57,889.70 upon which a tax was due of $20,111.66.

The third count charges with reference to the year 1950 that the return stated a net income of $33,074.62 and a tax owing thereon of $7,838.64 whereas the defendant knew that the income for that calendar year was $137,846.83 and the tax on that net income was $71,691.06.

In defendant's motion for bill of particulars he states, among other things,

"Having been orally informed that the government has computed net income on the basis of alleged net worth increases and/or alleged ex-

penditures in excess of reported net income, defendant requests  *  *."

At the time of the oral argument, government counsel agreed to submit a bill of particulars setting forth the charges in greater detail, and the decision on this motion was delayed pending the receipt of that bill of particulars. That bill of particulars set forth as to Count One net income reported, unreported net income and total net income. It sets forth the computation setting forth the net worth increases for the year, expenditures and adjustments, adjusted gross income, adjusted gross income reported and additional income not reported. It then sets forth the computation of tax. Similar details are set forth as to Counts Two and Three. The bill of particulars sets forth as to each count that the government takes no exception to the reported income other than reported commissions derived from gambling activities.

"Additions to income are determined on the net worth and expenditures method and are attributed wholly to gambling in the absence of any knowledge of income from sources other than reported on the tax returns filed by the defendant."

At the time of the hearing on the motion, defendant's counsel stated he was quite sure that the government was going to rely upon some very informal memorandum which an accountant put together in connection with previous investigation which it was claimed was patently incorrect. Counsel stated that the defendant did not at any time furnish any net worth statements. The accountant who prepared the memorandum, as appears from that oral statement, was representing the defendant before the Treasury Department. The defendant has access to a copy of that statement. It appeared from statements on the oral argument that the government does not have any of the defendant's books or records or any of defendant's property.

No claim or representation was made at the time of the oral argument or in the motion papers that the defendant is either illiterate or does not have an adequate education to understand his duties and obligations under the income tax laws. While defendant's education, occupation or profession is not shown in the records, the income actually reported for the three years in question would not indicate that defendant is not without considerable astuteness and ability. Defendant's counsel did state on the argument that defendant was engaged in gambling transactions at that time (involved in the indictments). The record is devoid of any showing or finding that defendant by reason of lack of education or lack of intelligence was unable to understand or to perform his obligations to the government with reference to keeping proper records under the law.

In Halle v. Commissioner of Internal Revenue, 2 Cir., 175 F.2d 500, 502, it is stated:

"The federal income tax system is one of self-assessment by the taxpayer. Its efficiency must depend largely on the truth of facts set out by the taxpayer in his return. And, appropriately geared to the gravity of nondisclosure (or false disclosure), Congress has provided varied sanctions, both civil and criminal, to protect that system. Implicit in the working of the system is an obvious duty of keeping proper records imposed on the taxpayer. Nor must the fact be overlooked that the taxpayer here was no unlettered person, ignorant of the methods of business and the purlieus of the law, but, on the contrary, he was a successful lawyer, practicing under the keen competition that obtains in the largest city on this continent."

See also Bryan v. Commissioner of Internal Revenue, 5 Cir., 209 F.2d 822.

"If the taxpayer had done what he was legally required to do, keep a record of his income and expenditures, the case would be compara-

tively easy * * *." U. S. v. Caserta, 3 Cir., 199 F.2d 905, 906.

[1–3] This indictment is sufficiently specific even without the bill of particulars so as to protect defendant against any danger of double jeopardy through a subsequent similar charge.

"A bill of particulars is not intended as a means to elicit evidence of the Government's case. * * *

" 'Defendants are not entitled to a bill of particulars * * * as to evidentiary matter especially when the defendant is in possession of the means of ascertaining the facts.' " U. S. v. Trownsell, D.C., 117 F.Supp. 24, 26.

In U. S. v. Skidmore, 7 Cir., 123 F.2d 604, 607, the court said:

"The general rule is that particulars such as these will not be furnished when the one seeking them is in possession of the means of ascertaining them."

Himmelfarb v. U. S., 9 Cir., 175 F.2d 924, 935, confirms this legal principle:

"The indictments clearly informed appellants of the annual amount of income on account of which taxes were allegedly evaded; and the figures given were intelligibly broken down. *Appellants had their records in their own possession and were in position to analyze the general allegations of the bill.*" (Emphasis supplied.)

■ In U. S. v. Chapman, 7 Cir., 168 F.2d 997, it was held that a bill of particulars as amended sufficiently apprised appellant of the charge against him and the general character of the evidence the government expected to rely upon to sustain the charge.

"He was entitled to no more."

To quote from Remmer v. U. S., 9 Cir., 1953, 205 F.2d 277, 282,

"The offense charged was specifically stated in the indictment. Appellant was in a position to know whether the facts alleged were true.

The most to which appellant was entitled prior to trial was disclosure of the theory of the Government's case. United States v. Caserta, 3 Cir., 1952, 199 F.2d 905. That the Government was proceeding upon a net worth theory was made known to appellant during the course of argument on the motion for a bill of particulars. The District Court in the exercise of its discretion determined that granting the requested bill of particulars would merely apprise appellant of information in the hands of the prosecution to which he was not entitled. Under the circumstances, no abuse of discretion appears. A bill of particulars has been denied in prosecutions under similar tax evasion indictments. See United States v. Rainey, D.C. W.D.Mo.1950, 10 F.R.D. 431; United States v. Mangiaracina, D.C.W.D. Mo.1950, 10 F.R.D. 415; but see United States v. Kelly, D.C.W.D.Mo. 1950, 10 F.R.D. 191."

See also U. S. v. Hall, D.C., 52 F.Supp. 796, and U. S. v. Profaci, D.C., 124 F. Supp. 141. Legatos v. U. S., 9 Cir., 222 F.2d 678, 681.

At the time of the oral argument it was suggested that some of the funds which the government apparently claims are traced to the defendant might have been funds which came to him in a fiduciary capacity or something of that nature. As a fiduciary or agent he would be required to and no doubt would have records which would enable him to quickly explain the source of such assets. The same would hold true about accounts receivable, about any funds that may come to him or his wife as a result of ownership of property.

The indictment, especially when read in connection with the bill of particulars, sets forth the items and amounts which the government claims make up the total income. To require more than is set forth in the indictment and the bill of particulars would force the government to detail its evidence to an extent not re-

**732**

quired in criminal cases. For the fore-
going reasons and particularly in the
light of the bill of particulars which has
been furnished since the oral argument,
defendant's motion for bill of particulars
is hereby denied.