**UNITED STATES of America**

v.

**Dr. Anthony J. CINCOTTA.**

United States District Court
N. D. New York.

March 12, 1956.

Theodore F. Bowes, U. S. Atty., Syracuse, Richard E. Bolton, Asst. U. S. Atty., Troy, of counsel.

William P. Christy, Jr., Syracuse, for defendant.

FOLEY, District Judge.

The defendant, indicted on two counts of alleged income tax evasion, moves for a very detailed Bill of Particulars. In the brief filed for the government it is stated that the government in the trial of the indictment intends to use the net worth and expenditures method of proof.

Previously, in a similar situation in United States v. King, D.C., 16 F.R.D. 124, I decided that when the government uses the net worth and expenditures method a bare statement to such effect would be a complete answer to the demand for particulars. In such reasoning I relied upon United States v. Chapman, 7 Cir., 168 F.2d 997, 999; United States v. Caserta, 3 Cir., 199 F.2d 905, 910; Remmer v. United States, 9 Cir., 205 F.2d 277, 282.

Since then my attention has been called to Judge Hincks' statement in United States v. Dolan, D.C., 113 F.Supp. 757, 760:

"Likewise, when the government discloses that it will rely on the so-called expenditures or net worth theory, it is sufficient if it discloses the period during which it will offer proof of expenditures made and the dates as of which it will offer proof of the defendant's net worth."

This case was followed with approval in United States v. Carb, D.C.E.D.N.Y., 17 F.R.D. 242, 243. The disclosure advised in the Dolan case seems a fair and just solution effecting the proper balance in such criminal prosecutions. I shall change from the narrow relief granted in the King case to this further disclosure.

The government is directed to state formally in a Bill of Particulars the method of proof to be used and to disclose the period during which it will offer proof of expenditures made and the dates as of which it will offer proof of the defendant's net worth.

The motion is granted to this extent, otherwise denied, and

It is so ordered.