**UNITED STATES of America**

v.

**M. Thomas EISSNER and Marion Mae Eissner.**

**Crim. No. 33057.**

United States District Court
N. D. New York.
June 18, 1962.

Justin J. Mahoney, U. S. Atty., Albany, N. Y., George B. Burke, Asst. U. S. Atty., of counsel, for the United States.

Rubin & Levey, Rochester, N. Y., for defendants. Sydney R. Rubin, Rochester, N. Y., of counsel.

JAMES T. FOLEY, District Judge.

The motion is one for a Bill of Particulars. The defendants are husband and wife charged in a five-count indictment with filing a false and fraudulent joint income tax return on behalf of themselves for the years 1955 through 1959 inclusive. Each count is in the familiar form used by the Government in this district for charges involving income tax evasion. There is simply set forth the figures of income reported by defendants and the tax paid thereon, and then the amount of income the Government claims should have been reported and the income tax amount that should be paid on such computation made by the Government. In my judgment it is a "short form indictment" in every

sense of that phrase, without semblance of detail or particular.

The Government has not filed an affidavit in opposition to the motion, but in its memorandum of law submitted on its behalf the Assistant United States Attorney, George B. Burke, in charge of the prosecution, states that the Government intends to proceed by the net worth-expenditure method of proof as to Counts I through IV of the indictment and the specific items method as to Count V based upon alleged omitted interest income.

There are several similar motions pending before me in this same type of so-called net worth-expenditure case. For the guidance of the prosecution and the defense attorneys as to my policy in this two-judge district, it is necessary that a definitive and current ruling should be made in relation to the particulars I think the Government should furnish to defendants in this type prosecution. I have written in the past on questions involving the furnishing of particulars in similar cases, adopted a restrictive view and followed as persuasive the reasoning in Courts of Appeals in circuits other than the Second Circuit that limit the information to be furnished by the Government to the bare statement that it is a net worth case. (U. S. v. King, (1954), N.D.N.Y., 16 F.R.D. 124; U. S. v. Witbeck, (1954), N.D.N.Y., 122 F.Supp. 717; U. S. v. Cincotta, (1956), N.D.N.Y., 19 F.R.D. 5).

The attorneys for the defendants now earnestly urge that a recanvass be made of this attitude and disposition on my part in view of the admonition of Judge Sterry R. Waterman in U. S. v. O'Connor, (1956), 2 Cir., 237 F.2d 466, 476, that liberal construction should be given to the bill of particulars rule, together with other rules of discovery, to serve the primary purpose of enabling the accused to meet the charges presented against him. In that decision, my Witbeck and King decisions are referred to in footnote 10 as possible examples of particulars freely granted. (pg. 476).

Judge Waterman significantly writes that to a defendant seeking to prepare a defense to a net worth criminal prosecution it is no answer to say that he should have kept better records or that his memory should have been better. Together with these signs, unmistakable to me as appellate direction toward a new and more liberal approach, the attorneys for the defendants have now called to my attention a series of reported cases where decisions made by experienced trial judges in the Southern and Eastern Districts of New York are drastically contrary to my previous thinking. Together with other factors of consideration hereinafter discussed, their reasoning impels me to change my viewpoint and previous rulings in the net worth-expenditure prosecution where particulars are sought. (U. S. v. Hoornbeek, (1954), S.D.N.Y., 164 F.Supp. 657; U. S. v. Geller, (1958), S.D.N.Y., 163 F. Supp. 502; U. S. v. Brown, (1959), E.D. N.Y., 179 F.Supp. 893; U. S. v. O'Neill, (1957), E.D.N.Y., 20 F.R.D. 180; see also U. S. v. Brodson, (1955), E.D.Wis., 132 F.Supp. 729).

Judge Sugarman in Hoornbeek (not reported in the Federal Supplement until 1959) led the way in this new approach, and directed the Government to furnish particulars as to the claimed net worth figures for the opening and end of each indictment year, and then the date, payee and amount of the expenditures. A recanvass of the net worth-expenditure cases that have increased in prosecution after the noteworthy holding and approval of such method of proof in Holland v. U. S., (1954), 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 teaches that the great concern expressed in that authority for judicial care and supervision to insure the proper and fair use of a complicated method of proof has not diminished to any extent, but has increased in judicial and legal circles. From my own trial experience in several substantial net worth prosecutions I have found there is little damage, if any, to the cause of the Government when fair-minded and balanced disclosure is

made previous to the commencement of trial.

A good description of the net worth method of proof was given by Judge Smith in U. S. v. O'Connor, (1959) 2 Cir., 273 F.2d 358, 361. There it is emphasized, as in many other cases, that proven total assets at cost at the beginning and end of each year is an important factor to determine whether there has been an increase of assets greater than can be accounted for by reported net income plus receipts other than taxable income. Another important factor of proof noted is how much reportable income has been spent for non-exempt purposes. It is clear that approximate opening and closing figures of the indictment years, plus expenditures, are key and vital elements in the Government computation, and in reality and upon reflection are the only figures that fairly apprise the defendant of what he must meet at the trial. The opinion also shows clearly the increasing tendency of the Court of Appeals, Second Circuit, to strip away secrecy of investigative reports or methods of computation after testimony by the Internal Revenue agent at the trial.

Assistant United States Attorney Burke here, in a competent brief, points to the considerable body of authority that still maintains the restrictive interpretation that the Government need only state that the method of proof to be used will be based upon the net worth-expenditure theory. He points to the appellate cases in five other circuits that give approval to such restrictive rulings by the District Courts below: U. S. v. Chapman, (1948), 7 Cir., 168 F.2d 997; U. S. v. Caserta, (1952), 3 Cir., 199 F.2d 905, 910; Remmer v. U. S., (1953), 9 Cir., 205 F.2d 277, 281–282; Hooper v. U. S., (1954), 10 Cir., 216 F.2d 684, 686; Blackwell v. U. S., (1957), 8 Cir., 244 F.2d 423, 426–427. In these rulings the reasoning generally is that there was not abuse of discretion by the district judge in the denial of particulars shown that might sufficiently constitute reason for reversible error. There is also discussion in the Hooper case as justification of the denial below that the taxpayer and his lawyer learned details in the usual tax conferences held with a Special Agent and Enforcement Counsel. Whether or not such knowledge thus gained meets the test that should be applied legally as to the right of a defendant to be specifically apprised in a criminal prosecution of proper particulars supplied in writing by the prosecution is questionable in my mind.

■ ■ A ruling based upon abuse of discretion seldom gives meaningful guide to the district court as to what is proper in particular situations. I am mindful that discretion, as Lord Mansfield outlined it, must not be arbitrary, vague and fanciful, but legal and regular. As stated in Osborn v. Bank of the United States, 22 U.S. (9 Wheat.) 738, 862, 6 L.Ed. 204, 234, an important task in the exercise of discretion by a judge is to discern the course prescribed by law, and when that is discerned, it is the duty of the court to follow it. My discernment now is, upon reconsideration and reflection, that my previous restrictive interpretations in the net worth-expenditure cases allowing only the statement of a judicial principle of proof in the same manner as recital of the bare wording of a criminal statute is not in accord with the recent trend of decisions in the Court of Appeals, Second Circuit. Recent decisions of that Court on problems of disclosure by the Government at the trial demonstrate a praiseworthy inclination to strive for as many safeguards as possible in criminal prosecutions in this circuit in order that truth may be ascertained as fully as humanly possible. (U. S. v. Zborowski, 2 Cir., 271 F.2d 661; U. S. v. McKeever, 2 Cir., 271 F.2d 669; U. S. v. Giampa, 2 Cir., 290 F.2d 83; U. S. v. Hernandez, 2 Cir., 290 F.2d 86; U. S. v. Crosby, 2 Cir., 294 F.2d 928, 950; U. S. v. Freeman, 2 Cir., 302 F.2d 347.

I further think the same trend has been indicated in the Supreme Court, our highest authority, recently in many instances, particularly by the Jencks rul-

ing in reference to the production of investigative reports for inspection by the defense after testimony by the Government witness. This ruling sent a shock of dismay through Government investigative circles, but later received substantial approval by the Congress in the enactment of legislation effecting the same result of disclosure. The procedures connected therewith are now liberalized, followed and taken for granted. (Jencks v. U. S., (1957), 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103; 18 U.S.C.A. § 3500 (1957); see also Palermo v. U. S., 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287; Campbell v. U. S., 365 U.S. 85, 81 S.Ct. 421, 5 L.Ed.2d 428; Clancy v. U. S., 365 U.S. 312, 81 S.Ct. 645, 5 L.Ed. 574).

There is increasing consideration being given in legal and judicial circles to the helpfulness that might be gained in these complicated situations by the conduct of a criminal pre-trial. In my opinion, proper preliminary disclosure always clarifies and at times removes completely problems that complicate and slow down the trial. There is an interesting experience of this kind relating to the reluctance of certain Internal Revenue agents to divulge any information to a defendant indicted for income tax evasion and the good result finally obtained when such reluctance was overcome by discussion and persuasion. (Seminar on Procedures for Effective Judicial Administration, Dallas, Texas, (1961), 29 F.R.D. 191, 442).

In the treatment of all these matters, it may be well to remember the high-minded philosophy of the Supreme Court not meant, I am sure, merely as a slogan, that the interest of the United States in a criminal prosecution is not that it shall win a case but that justice shall be done. (Berger v. U. S., 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314). The bill of particulars is not evidence of itself; it is merely a statement of what the government will or will not claim. (U. S. v. Murray, (1962), 2 Cir., 297 F.2d 812, 819).

In the seven detailed items for particulars more is asked than will be granted and more is requested in certain details than was granted in the four New York district court cases with the liberal viewpoint discussed in this decision. As to Item I, the prosecution in its Bill of Particulars, as already expressed in the memorandum by Mr. Burke, should state that it intends to use the net worth-expenditure method; then in limited answer to this request the Bill should set forth the approximate opening and closing net worth for each year covered in the indictment. Item II is granted in its entirety. Items III, IV and V are denied as requesting unwarranted evidentiary detail. Items VI and VII are granted under the authority of U. S. v. Carb, (1954), E.D.N.Y., 17 F.R.D. 242, and U. S. v. Witbeck, supra.

The motion is granted only to the extent as indicated herein, otherwise denied.

It is So Ordered.